In The United States District Court
For The District of Delaware

Andre R. Thomas
    Petitioner,
V.
Thomas L. Carroll, Warden,
Delaware Correctional Center

Civil Action No. 06-314

ORIGINAL
FILED MAY 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned
NO IFP

Petition For Writ of Habeas Corpus
Pursuant to 28 U.S.C. Sec. 2254

Petitioner, Andre R. Thomas, Pro Se, respectfully requests that upon consideration of the averments of fact and claims for relief stated herein this Honorable Court order a briefing schedule in regard to the instant petition and order an evidentiary hearing, and thereafter order petitioner discharged from the judgment of conviction and sentence on State of Delaware V. Andre R. Thomas, Nos. IN 98-12-02-0233, 0237, 0239, and IN 98-12-2171, New Castle County, Superior Court of the State of Delaware, unless the State of Delaware affords petitioner a new trial within a reasonable period of time to be determined by

the Court.

In support of this request it is respectfully represented:

## I. Introduction

This petition for writ of habeas corpus under 28 U.S.C. † 2254 challenges the Judgment of Conviction and sentence of petitioner.

While the fact that petitioner was laboring from a serious mental illness was not disputed, Trial Court failed to observe procedures adequate to protect petitioner's right not to be tried or convicted while incompetent to stand trial, by it's Dereliction and/or Negligence of Due process requiring Judicial determination of competence in every case in which there is reason to doubt the petitioner's competence to stand trial.

## Second,

On the first day of trial the Prosecution placed on the record a proposed plea agreement which recommended a

②

sentence of 3 to 6 years incarceration. However, there is no indication in the court record as to whether, or in what way, the proposed plea agreement was presented to petitioner.

The Court did not undertake any inquiry of petitioner as to whether he had been made aware of the proposed plea agreement or understood the meaning and effect of said plea agreement. The Court did not offer to appoint counsel, or alternative back-up counsel for the sole purpose of advising petitioner with regard to the plea agreement.

The Court, may have abused it's discretion in this matter.

The central contention of this petition is that the record demonstrates that the prosecution conspired to conceal evidence.

③

## II. Procedural History.

1.) On Thanksgiving Day, November, 1998 petitioner was arrested by NewCastle County police inside a Hotel room in which petitioner was registered quest and charged him with reckless endangering and firearms offenses.

2.) Following his arrest petitioner underwent extensive psychiatric evaluation which resulted in a finding that petitioner suffering from a "moderately severe mental disorder."

3.) On July 25, 2000, following trial by Jury before the Honorable Fred S. Silverman petitioner was convicted of three counts of Reckless Endangering in the first degree Possession of a firearm during Commission of a felony, Possession of a deadly weapon by a Prohibited Person, and related lesser offenses.

4.) On December 1, 2000 the Court granted the prosecution's motion to have petitioner sentenced as a habitual offender pursuant to 11 Del. C. 4214 (A) (Supp. 1996) and on the same day sentenced petitioner to an aggregate term of 35 years Imprisonment.

5.) On February 15, 2002 the Supreme Court of Delaware Affirmed the Judgment of Conviction and Sentence, Andre R. Thomas V. State of Delaware, No. 566, 2000).

6.) On June 30, 2004 petitioner's Habeas petition was Dismissed without Prejudice for failure to exhaust State remedies.

7.) On May 4, 2005 Supreme Court Affirm pursuant to Rule 25 (A)

## III Claims for Relief

1.) Due Process required Judicial determination of Competence in every case in which there is reason to doubt the petitioner's Competence to stand trial. Title 18 U.S.C. & Sec. 4241.

2.) Petitioner was deprived of his Sixth Amendment right to Counsel at a Critical Stage of the prosecution by reason of the trial Court's failure to Appoint Counsel to Advise petitioner as to the existence of, and meaning and significance of, and Consequences of, A plea Agreement Proffered by the prosecution for a recommended sentence of 3 to 6 years Incarceration, which recommended sentence was far less than the Sentence petitioner faced if Convicted at trial and which he in fact eventually received.

3.) The Prosecution withheld evidence in violation of Brady. The evidence was favorable to the Accused, and material to the defense.

Wherefore, Audre R. Thomas, respectfully requests the Court Order a briefing schedule in regard to the Above Stated Claims for relief and order an evidentiary hearing and, after due Consideration, order petitioner discharged from the Judgment of Conviction and

(6)

⑦

Sentence on State of Delaware v. Andre R. Thomas, Nos. IN98-12-0233-0237.0239 and IN 98-12-2171, New Castle County, Superior Court of the State of Delaware, unless afforded a new trial by a reasonable time to be determined by the Court.

Date: 5/9/06

Respectfully submitted,
Andre R. Thomas
Pro Se, Andre R. Thomas
Delaware Correctional Center
1181 Paddock Rd
Smyrna, Delaware 19977

## Certificate of Service

I, Andre R. Thomas, hereby certify that I have served a true and correct copie's of the Attached: Habeas Corpus upon the following parties:

Office of the Clerk
Peter T. Dalleo
District Court of Delaware
844 King Street, Lockbox 18
Wilmington, Delaware 19801

Thomas E. Brown
Deputy Attorney General
820 N. French Street
Wilmington, Delaware 19801

By Placing same in a sealed envelope and depositing same in the United States mail at the Delaware Correctional Center, 1181 Paddock Rd, Smyrna, De 19977 on this 5/9/06 day of May, 2006

*Andre R. Thomas*

IM Andre R. Thomas
SBI# 139598 UNIT 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
Peter T. Dalleo
District Court of Delaware
844 King Street, Lockbox 18
Wilmington, Delaware
19801