## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANDRE R. THOMAS,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-314-JJF |
| | : | |
| **THOMAS CARROLL**, Warden | : | |
| and **CARL C. DANBERG**, | : | |
| Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## <u>ANSWER</u>

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On July 25, 2000, a Delaware Superior Court jury convicted the petitioner, Andre R. Thomas, after a one-week trial on three counts of first degree reckless endangering, possession of a firearm during the commission of a felony, possession of a deadly weapon by a person prohibited, and two counts of criminal mischief. *See State v. Thomas*, 2000 WL 33113941, *1-2 (Del. Super. Ct. Oct. 27, 2000) (hereinafter referred to as "*Thomas I*"). Thomas was sentenced to an aggregate term of 35 years in prison. *Thomas v. State*, 2002 WL 243375, *1 (Del. Feb. 15, 2002) (hereinafter referred to as "*Thomas II*"). After having been represented by five different attorneys, Thomas knowingly and voluntarily exercised his right to self-representation at trial. *See generally Faretta v. California*, 422 U.S. 806 (1975). When Thomas insisted on proceeding *pro se*, the Superior Court conducted a hearing on June 14, 2000 at which counsel was present for Thomas. The court conducted a lengthy colloquy with Thomas discussing the implications of the decision. Thomas was evaluated by the

Delaware Psychiatric Center, and the court considered the findings, which did not provide a basis for denying Thomas's demand. *Thomas I* at *1-2. Accordingly, the Superior Court permitted Thomas's fifth attorney to withdraw, and Thomas was permitted to proceed *pro se*. After trial, the Superior Court insisted upon a follow-up psychiatric evaluation which similarly did not provide a basis for mandating court-appointed counsel over Thomas's objection. *Id.* Thomas, represented by counsel, appealed, and the conviction and sentence were affirmed. *Thomas II*.

A year later, on February 14, 2003, Thomas, represented by counsel, applied for federal habeas relief. D.I. 1 in *Thomas v. Carroll*, Civ. Act. No. 03-202-JJF. In a Memorandum Opinion dated January 30, 2004, this Court determined that Thomas's habeas petition contained an unexhausted claim of ineffectiveness of counsel. D.I. 16 in *Thomas v. Carroll*, Civ. Act. No. 03-202-JJF. In an order dated March 18, 2004, this Court stayed Thomas's habeas proceeding pending exhaustion of state remedies. *See Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004). Thomas was given thirty days to file his application for state postconviction relief. Thomas's counsel informed the Court that he disagreed with the Court's determination regarding exhaustion and he stated that he would not pursue any postconviction relief in state court. Consequently, the Court vacated the stay and dismissed Thomas's petition without prejudice for failure to exhaust state remedies. D.I. 25 in *Thomas v. Carroll*, Civ. Act. No. 03-202-JJF. The Court declined to issue a certificate of appealability. D.I. 28 in *Thomas v. Carroll*, Civ. Act. No. 03-202-JJF. On November 5, 2004, the Third Circuit also denied Thomas's request for a certificate of appealability, agreeing with this Court's finding that "the appellant's ineffectiveness claim was not 'fairly presented' to the Delaware Supreme Court on direct appeal." *Thomas v. Carroll*, No. 04-3102 (3d Cir. Nov. 5, 2004). The Third Circuit noted that this Court "was required to dismiss [the petition] without prejudice in light

2

of the appellant's indication that he did not wish to pursue relief in the state court." *Id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

In November 2004, Thomas applied *pro se* to the Delaware Superior Court for state postconviction relief under Criminal Rule 61. Superior Court dismissed Thomas's postconviction motion as procedurally barred under Rule 61(i)(3) because Thomas had failed to raise his claims on direct appeal. *State v. Thomas*, 2005 WL 388270, *1 (Del. Super. Ct. Feb. 17, 2005) (hereinafter referred to as "*Thomas III*"). On appeal, the Delaware Supreme Court affirmed the Superior Court's decision. *Thomas v. State*, 2005 WL 1073893, *2 (Del. May 4, 2005) (hereinafter referred to as "*Thomas IV*"). Thomas's current federal habeas petition is dated May 9, 2006. D.I. 1.

## Facts

As summarized by the Delaware Supreme Court in *Thomas II* at *1, the facts leading to Thomas's conviction are as follows:

> In November 1998, three Wilmington police officers responded to a report of a commotion in [] Thomas' hotel room. As they prepared to knock on the door, Thomas, delusional and apparently under the influence of cocaine, fired a gunshot through the door. After a brief standoff, Thomas surrendered to police. The court appointed five separate defense attorneys to appear on Thomas' behalf at various stages of the pretrial proceedings. Thomas was unable to establish a working relationship with any of his court-appointed counsel. In June 2000, Thomas requested leave of the court to proceed at trial *pro se*. After a hearing concerning Thomas' waiver of counsel and the potential disadvantages he would face if he chose to represent himself, including the maximum sentence he could receive if convicted, the trial judge permitted the motion.

## Discussion

In his petition, Thomas presents the following claims of error: (1) the trial court failed to make a competency determination regarding Thomas in violation of his due process rights; (2) Thomas was deprived of his Sixth Amendment right to counsel because counsel was not appointed at

trial to advise him with respect to a plea offer; and (3) the prosecutor withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). D.I. 1. Thomas's claims, however, are unavailing.

*Successive claims*

Thomas's petition is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."). A second petition filed after the first petition was dismissed without prejudice as a mixed petition under *Rose v. Lundy*, is not generally a successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000); *Christy v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997). However, the reason for the dismissal is to allow petitioners to exhaust all their claims and present a single habeas petition in federal court. *See Benchoff v. Colleran*, 404 F.3d 812, 816-17 (3d Cir. 2005) (discussing the continuing viability of the abuse of the writ doctrine). The abuse of the writ doctrine bars claims that could have been raised in an earlier petition. *Id.* at 817 (citing *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991) and *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)).

> The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential

4

> post-conviction claims and to consolidate them for a unitary presentation to
> the district court.

*Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997); *accord United States v. Orozco-Ramirez*, 211

F.3d 862, 870-71 (5th Cir. 2000).

In this case, Thomas raised six grounds for relief in his 2003 federal habeas petition:  (1)

petitioner's waiver of his right to be represented by counsel was not knowing, voluntary, or

intelligent because of his mental illness; (2) court-appointed counsel provided ineffective assistance

of counsel by failing to produce evidence of petitioner's mental illness at the hearing on petitioner's

motion to represent himself at trial; (3) the trial court's failure to appoint counsel to advise the

petitioner about the terms of a guilty plea offer violated his Sixth Amendment right to counsel; (4)

there was insufficient evidence to support his convictions for three counts of first degree reckless

endangering; (5) the trial court's failure to instruct the jury *sua sponte* regarding the lesser included

offense of second degree reckless endangering violated due process; and (6) the trial judge's failure

to instruct the jury *sua sponte* as to the justification defense of self-defense violated due process.

*Thomas v. Carroll*, 2004 WL 758344, *4 (D. Del. Jan. 30, 2004).  The Court having determined that

claim 2, ineffective assistance of counsel, was unexhausted, dismissed the petition as a mixed

petition under *Rose v. Lundy*.  D.I. 25 in *Thomas v. Carroll*, 03-202-JJF.  Thomas then returned to

state court and raised two issues:  the Superior Court failed to conduct a hearing to determine

petitioner's competency to stand trial, and the State improperly failed to disclose an exculpatory

surveillance tape in discovery.  *See Thomas IV* at *1.

In his current habeas petition, Thomas raises three grounds for relief: two grounds that he

raised in his state postconviction proceedings, but not his first habeas petition (competency hearing

& discovery violation); and one ground (counsel appointed regarding the plea offer) that he raised in

his first habeas petition, but not in his state postconviction proceedings. The two new claims that Thomas raised for the first time after his original habeas petition was dismissed are successive claims. These claims do not challenge conduct that occurred subsequent to the filing of the earlier petition. *See Benchoff*, 404 F.3d at 818. Thomas offers no explanation for his failure to present claims 1 and 3 in his 2003 habeas petition. Thus, Thomas's claims regarding the lack of a competency determination (claim 1) and a discovery violation (claim 3) are clearly "second or successive" claims. *See id.* at 817-18. The record is clear that Thomas has not obtained leave from the Court of Appeals for the Third Circuit to file the instant claims. Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider claims 1 and 3, and those claims must therefore be dismissed. *See id.* at 820; *Felker*, 518 U.S. at 657 (1996).

*Time barred claims*

Moreover, Thomas is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d). By the terms of § 2244(d)(1), a federal habeas petitioner must file his petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). Thomas does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable. Thus, the one-year period of limitations began to run when Thomas's conviction became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del. June 17, 2004). The Delaware Supreme Court affirmed Thomas's conviction and sentence on February 15, 2002. *Thomas II.* Although Thomas did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on May 16, 2002. *See Kapral v. United States*, 166 F.3d 565,

576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Thomas thus had until May 17, 2003, to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del. June 9, 2004); *Morales v. Carroll*, 2004 WL 1043723 (D. Del. Apr. 28, 2004). Thomas's petition, dated May 9, 2006,[1] is obviously filed past the May 2003 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

Statutory tolling under § 2244(d)(2) does not save Thomas's petition from the running of the limitations period. When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. *See Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000). If the one year period has already expired, a postconviction motion filed after that point does not revive the one year period. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Samuel*, 2004 WL 1368845, *3. Thomas's postconviction motion, filed in November 2005, did not toll the limitations period because the limitations period had expired more than two years earlier in May 2003. Thus, the state postconviction action had no effect on the statutory tolling provision. *See Lawrence v. Carroll*, 2003 WL 21402509, *2 (D. Del. June 10, 2003). Thomas's first federal habeas petition, filed in February 2003, also failed to toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the statute of limitations is not tolled during the pendency of a federal habeas petition). Because the one-year

---

[1] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

period was not tolled under § 2244(d)(2), Thomas's petition is untimely under § 2244(d).  Thus, the statute of limitations expired on Thomas's claims prior to May 9, 2006, i.e., the date indicated on the petition, and the petition is therefore barred by § 2244(d).  *See, e.g., Samuel*, 2004 WL 1368845, *3; *Benson v. Carroll*, 2004 WL 1151547, *4 (D. Del. May 18, 2004).

As the Court has repeatedly noted, however, the limitation period may be subject to equitable tolling.  *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del.) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights."  *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998).  Had the limitations period been tolled for the pendency of Thomas's first habeas action and his subsequent state postconviction action, his current petition would remain untimely.  The Delaware Supreme Court affirmed the denial of Thomas's state postconviction motion on May 4, 2005.  *Thomas IV* at *2.  Thomas's federal habeas petition was not filed until May 9, 2006.  More than a year elapsed after all of his previous state and federal actions had been completed before Thomas filed his current petition.  Thomas does not allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner.  Thomas cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period.  "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance."  *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del.); *see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del.) (rejecting such an argument made by petitioner).  In short, Thomas's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

*Procedurally defaulted claims*

Alternatively, Thomas's claims are procedurally defaulted. In order to exhaust state remedies, Thomas must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del.). Thomas presented his first and third claims to the Delaware Supreme Court on appeal from the denial of his postconviction motion. He presented his second claim to the state supreme court on direct appeal from his conviction. Thus, all of Thomas's claims are exhausted. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989). Thomas did not comply with state procedural requirements. Thomas presented his claims of regarding a competency determination and a discovery violation in his postconviction motion without having presented the issues on direct appeal. Under Superior Court Criminal Rule 61(i)(3), any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner shows cause for the procedural default and actual prejudice. The Delaware Supreme Court affirmed the trial court's finding that

these claims were procedurally barred.  *See Thomas IV* at *1.  Thomas, having failed to comply with

Criminal Rule 61(i)(3), thus failed to comply with the relevant state procedural requirements.  *See*

*Lawrie v. Snyder*, 9 F. Supp.2d 428, 451 (D. Del. 1998); *Flamer v. Chaffinch*, 827 F. Supp. 1079,

1087-88 (D. Del. 1993) (finding that Criminal Rule 61(i)(3) is an adequate state ground to preclude

federal habeas review), *aff'd*, 68 F.3d 710 (3d Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1088

(1996).  Thus, federal habeas review of claims 1 and 3 is barred unless Thomas establishes cause for

his procedural default in the state courts and actual prejudice.  *See Coleman v. Thompson*, 501 U.S.

722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988

F. Supp. 783, 804-05 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del.

1992).

Similarly, Thomas's claim that he should have been appointed counsel to assist with the plea

negotiations is also procedurally defaulted.  Where "the highest state court 'clearly and expressly'

refused to review the merits of the claim due to an independent and adequate state procedural rule,

the claim is exhausted but procedurally defaulted."  *Winters v. Williams*, 2006 WL 1788487, *2 (D.

Del. June 27, 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) and *Harris v. Reed*, 489

U.S. 255, 260-64 (1989)).  Thomas waived his right to counsel at the plea bargain stage when he

elected to represent himself at trial.  *Thomas II* at *2.  Further, "[a]t no time did Thomas request

assistance in reviewing the State's plea offer."  *Id.*  In Delaware, a defendant must timely object to

alleged errors during the actual trial in order to preserve the right to raise the issues on appeal.

*Trump v. Kearney*, 2003 WL 22769598, *5 (D. Del. Nov. 14, 2003) (citing Delaware cases).  Failure

to object to alleged errors constitutes a waiver of the defendant's right to raise the issue on appeal,

and the reviewing court is thereafter limited to reviewing the alleged error for plain error.  *Id.*;

*Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986). The Delaware Supreme Court clearly explained that "[t]he trial judge did not commit plain error." *Thomas II* at *2. This Court has consistently held that Delaware Supreme Court Rule 8, permitting review only for those questions fairly presented to the trial court, is an independent and adequate state procedural rule which precludes federal review. *See, e.g., Lawrie v. Snyder*, 9 F. Supp. 2d 428, 452-53 (D. Del. 1997); *Dawson v. Snyder*, 988 F. Supp. 783, 825 (D. Del. 1997). Thus, Thomas's claim that he should have been appointed counsel to assist with the plea negotiations is exhausted but procedurally defaulted. *See Winters*, 2006 WL 1788487 at *4-5. Thus, as with claims 1 and 3, review of this particular claim is barred unless Thomas establishes cause for his procedural default in the state courts and actual prejudice, or that a miscarriage of justice will result if the Court refuses to hear his claim. *See Coleman*, 501 U.S. at 750-51; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell*, 953 F.2d at 861-62; *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 513 (D. Del. 2003).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05. Thomas has failed to allege cause for his procedural default, and the claims can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin*, 270 F. Supp. 2d at 501. Moreover, the miscarriage of justice does not apply because Thomas has not

alleged any facts to establish his actual innocence.  *See, e.g., White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006).

In any case, Thomas cannot establish prejudice.  Thomas's first claim, that the trial court failed to make a competency determination, is without merit.  The Delaware Superior Court broached the question of Thomas's competency to stand trial on three occasions prior to trial and again before sentencing.  *See Thomas I* at *1; *Thomas III* at *1.  The court found that "no mental health professional opine[d] that Defendant was not competent to stand trial."  *Thomas III* at *2.  Accordingly, it is clear that the trial court implicitly found Thomas competent to stand trial.  This Court "must provide the same presumption of correctness required by § 2254(e)(1) to the state courts' implicit factual findings as [it] provide[s] to express findings of the state courts."  *Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000) (citing cases).  Moreover, a determination of competency is a factual finding.  *See Maggio v. Fulford*, 462 U.S. 111, 117 (1983).  Thomas has not produced evidence to rebut the presumption of correctness, and thus he cannot establish any prejudice resulting from his procedural default.

As to Thomas's claim that an attorney should have been appointed to advise him with respect to a plea offer, that claim is equally unavailing.  Thomas exercised his constitutional right to self-representation at trial.  *See Faretta v. California*, 422 U.S. 806, 833 (1975).  After a hearing concerning Thomas's waiver of counsel, the trial court found Thomas to be capable of representing himself at trial.  *See Thomas II* at *1.  Once Thomas waived counsel, that waiver continued without the need for the trial court to reconsider the issue throughout the proceedings.  *See United States v. Springer*, 51 F.3d 861, 864-65 (9th Cir. 1995).  There is no constitutional right to stand-by counsel.  *See Thomas v. Carroll*, 424 F. Supp. 2d 738, 745 (D. Del. 2006) (holding that the petitioner was not

entitled to hybrid representation even though his trial was held *in absentia*); *see also McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (citing cases). Because Thomas had no right to stand-by counsel, he cannot establish any prejudice from the court's failure to *sua sponte* appoint counsel to advise him regarding a guilty plea after Thomas had voluntarily and knowingly waived his right to counsel.

Finally, Thomas also cannot establish prejudice as a result of the State's failure to disclose a surveillance tape of the hotel lobby. Testimony from the hotel's employees indicated that police had taken the tape, but officers had no recollection of receiving the tape. *See Thomas I* at *6. The trial judge later gave the jury a "missing evidence" instruction. *Id.* at *7. Thomas has failed to demonstrate that the tape was withheld in bad faith, and not simply lost through mere negligence. As a result, Thomas's claim does not provide relief. *See Arizona v. Youngblood*, 488 U.S. 51, 57-58 (1988) (holding that failure of law enforcement officers through mere negligence and not in bad faith to preserve evidence that might have been helpful to the defendant does not violate due process); *accord Lambert v. Blackwell*, 387 F.3d 210, 267 (3d Cir. 2004). Thus, because Thomas cannot establish prejudice as to any of his claims, they should be dismissed.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that the transcripts of Thomas's trial proceedings and sentencing have been prepared. The state supreme court record of Thomas's direct appeal, Del. Supr. Ct. No. 566, 2000, was filed with the Court in *Thomas v. Carroll*, Civ. Act. No. 03-202-JJF. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: September 6, 2005

14

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF.  I also hereby certify that on September 6, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Andre R. Thomas.
SBI No. 138598
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1376588
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Otto GIBBS, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ.A.03-634-JJF.**

June 17, 2004.

Otto Gibbs, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware, for
Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

**\*1** Petitioner Otto Gibbs is a Delaware inmate in custody at
the Delaware Correctional Center in Smyrna, Delaware.
Currently before the Court is Petitioner's Petition For A
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and
his supporting Memorandum. (D.I. 2; D.I. 3) For the reasons
that follow, the Court concludes that Petitioner's Petition is
time-barred by the one-year period of limitations prescribed
in 28 U.S.C. § 2244(d)(1).

### II. BACKGROUND

On September 8, 1997, Petitioner was convicted by a
Delaware Superior Court jury of second degree unlawful
sexual intercourse. He was sentenced to 20 years in prison,
suspended after 15 years for probation. The Delaware
Supreme Court affirmed Petitioner's conviction and
sentence on direct appeal. *Gibbs v. State,* 723 A.2d 396
(Del.1998).

On September 24, 1999, Petitioner filed an application for
state post-conviction relief pursuant to Superior Court
Criminal Rule 61. The Delaware Superior Court denied

post-conviction relief on January 7, 2002, and the Superior
Court's denial was affirmed on appeal. *Gibbs v. State,* 804
A.2d 1066 (Del.2002).

### III. DISCUSSION

Petitioner's *pro se* Petition for federal habeas relief and his
supporting Memorandum assert the following nine
ineffective assistance of counsel claims: (1) trial counsel did
not investigate and review all relevant discoverable
documents and failed to inform Petitioner about the legality
of the State's DNA evidence; (2) trial counsel failed to
conduct an independent DNA analysis and failed to hire an
expert to review the victim's medical record; (3) trial
counsel failed to research the law in support of an
affirmative defense of consensual intercourse; (4) trial
counsel improperly relied on an instruction of "voluntary
social companion" status of the alleged victim to support an
affirmative defense of consensual intercourse; (5) trial
counsel misinterpreted Delaware's Rape Shield Laws, and as
a result, he failed to investigate the victim's background of
prior sexual history before trial; (6) trial counsel failed to
object to the State's introduction and reliance on
inadmissible photographic blood evidence through improper
testimony of police officer; (7) trial counsel failed to
cross-examine the police officer about the authenticity of
photographic blood evidence; (8) trial counsel failed to
object to the State's introduction of hearsay testimony from
police party who testified in third party narrative; and (9)
trial counsel failed to impeach any state witness' credibility
on cross-examination. (D.I. 2; D.I. 3.) Petitioner also asserts
that the Superior Court unreasonably summarily denied his
Rule 61 motion without an evidentiary hearing. (D.I. 3 at
J,K.)

On December 18, 2003, Petitioner filed a "Motion to
Amend Habeas [Petition]," asking this Court to apply the
"[a]ctual innocence, or miscarriage of justice, exception to
any and all barred claims" in his Petition. (D.I.18.) The
Court granted this amendment. (D.I.27.)

**\*2** In their Answer, Respondents contend that the entire
petition is time-barred and ask the Court to dismiss the
petition as untimely. (D.I.16.) Petitioner filed a Reply,
asking the Court to view his trial counsel's alleged

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 1376588
(Cite as: Not Reported in F.Supp.2d)

ineffective assistance as "good cause" to excuse his late filing. (D.I.23.) Petitioner's habeas petition is now ripe for review.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day] time [period] for seeking certiorari review expires." See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir.1999) ; Jones v. Morton, 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on November 19, 1998. Consequently, Petitioner's conviction became final on February 17, 1999.

Thus, pursuant to AEDPA's one-year limitations period, Petitioner needed to file his § 2254 Petition no later than February 17, 2000.

Petitioner's § 2254 Petition is dated July 8, 2003, and it was received by the Court on July 10, 2003. A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the Court adopts July 8, 2003 as the filing date. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D.Del.2002).

*3 Even with July 8, 2003 as the filing date, Petitioner filed his Petition more than 3 years too late. As such, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir.1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir.1998). However, a properly filed state post-conviction motion will only toll the federal habeas limitations period if the post-conviction motion itself is filed within the federal one-year filing period. See Price v. Taylor, 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when Petitioner filed his state post-conviction motion, 217 days of AEDPA's limitations period had already expired. Petitioner's Rule 61 motion tolled AEDPA's limitations period until August 28, 2002, the date on which

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *See Swartz v. Meyers*, 204 F.3d 417, 421-22 & n. 5 (3d Cir.2000). When AEDPA's limitations period began to run again on August 29, 2002, only 148 days were left in the one-year filing period. Consequently, Petitioner had to file his federal habeas Petition by January 24, 2003 to be timely. Petitioner, however, did not file his Petition until July 8, 2003. As such, the doctrine of statutory tolling does not render the Petition timely.

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616 (3d Cir.1998) (internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
    (4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*4 *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley*, 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted).

Petitioner asserts his trial counsel's allegedly ineffective assistance as a reason to equitably toll the one-year

limitations period. (D.I.23.) Specifically, Petitioner argues that trial counsel informed him that he had "3 years to file a Rule 61 motion, then file Habeas among other options." *Id.*

As an initial matter, Petitioner's trial counsel correctly informed Petitioner that he had 3 years to file a state post-conviction motion under the state criminal procedural rules. *See* Del.Super. Ct.Crim. R. 61(i)(1). Even if trial counsel erroneously told Petitioner that AEDPA's statute of limitations would not begin until after the 3 year limitations period for Rule 61 motions had expired, this mistake does not warrant equitably tolling. It is well-settled that inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001). Additionally, if Petitioner misinterpreted trial counsel's statement, his failure to independently investigate AEDPA's limitations period constitutes excusable neglect insufficient to warrant equitable tolling.

Finally, Petitioner appears to assert his actual innocence as a reason for equitably tolling the one-year limitations period. (D.I.18.) However, neither the Third Circuit Court of Appeals, nor the United States Supreme Court, has addressed whether a petitioner's "actual innocence" qualifies as an exception to AEDPA's statute of limitations. *Morales v. Carroll*, 2004 WL 1043723, at *3 (D.Del. Apr. 28, 2004) ; *Devine v. Diguglielmo*, 2004 WL 945156, at *3 & n .4 (E.D.Pa. Apr. 30, 2004) (collecting cases). Even if, arguendo, such an exception did exist, Petitioner's short conclusory request that he "would like the court to apply the actual innocence ... exception to all barred claims" does not persuade the Court that he is actually innocent. *See Morales*, 2004 WL 1043723, at *3 (discussing how a petitioner proves actual innocence). Accordingly, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Petitioner's § 2254 Petition will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when

Westlaw.

Not Reported in F.Supp.2d                                                                   Page 4
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

\*5 When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Petitioner's habeas Petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

### VI. CONCLUSION

For the reasons stated, Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

### ORDER

At Wilmington, this 17th day of June, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Otto Gibbs' Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 3.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Gibbs v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1376588

Briefs and Other Related Documents (Back to top)

• 1:03CV00634 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1368845
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Harry L. SAMUEL, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
No. Civ.A.03-487-SLR.

June 9, 2004.

Harry L. Samuel, petitioner, pro se.
Loren C. Meyers , Chief of Appeals Division, Delaware
Department of Justice, Wilmington, Delaware, for
respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** Petitioner Harry L. Samuel is a Delaware inmate in
custody at the Delaware Correctional Center in Smyrna,
Delaware. Currently before the court is petitioner's
application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254. (D.I.2) For the reasons that follow, the court
concludes that his application is time-barred by the one-year
period of limitations prescribed in 28 U.S.C. § 2244(d)(1).
Accordingly, the court will dismiss the application as
untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner attacked two counselors at the Plummer House
Work Release Center in Wilmington, Delaware. A grand
jury indictment charged him with attempted murder, second
degree assault, two counts of assault in a detention facility,
and four counts of possession of a deadly weapon during the
commission of a felony. Thereafter, in October 1994, a
Delaware Superior Court jury found petitioner not guilty of
attempted murder, but guilty of the lesser included offense
of first degree assault. The jury also convicted him of the
remaining charges. *See Samuel v. State,* 676 A.2d 906, * *1

(Del.1996).

On direct appeal, the Delaware Supreme Court ordered the
two assault convictions to be merged with the two counts of
assault in a detention facility and remanded the case for
re-sentencing. *Id.* Petitioner was re-sentenced on May 31,
1996 to a total of 98 years incarceration. *See Samuel v.
State,* 694 A.2d 48 (Del.1997). These sentences were
affirmed on appeal. *Id.* at * *2.

On November 19, 2001, petitioner applied to the Delaware
Superior Court for a copy of the trial transcript. This request
was denied, and petitioner's ensuing appeal was dismissed
for lack of jurisdiction. *Samuel v. State,* 788 A.2d 132
(Del.2001)

On April 28, 2003, the United States Supreme Court denied
petitioner's application for a writ of certiorari seeking
review of his sentences. *Samuel v. Delaware,* 538 U.S. 1004
(2003). Thereafter, on August 11, 2003, petitioner moved
for a reduction of sentence in the Delaware Superior Court.
The Superior Court denied the motion on September 11,
2003, and petitioner did not appeal. (D.I. 13, at ¶ 2)

III. DISCUSSION

Presently before the court is petitioner's *pro se* application
for federal habeas relief. (D.I.2) He asserts three habeas
claims: (1) the 1996 re-sentencing court erred in denying his
request for a continuance to obtain a psychiatric evaluation;
(2) the judge who re-sentenced him had a closed mind and
relied on impermissible factors in imposing the sentences;
and (3) the weapons offenses related to the assault
convictions should have been vacated because the assault
convictions were merged with the assault in a detention
facility convictions. (D.I.2)

Respondents contend that the entire petition is time-barred
and ask the court to dismiss the petition as untimely.
(D.I.13) Petitioner's habeas petition is now ready for review.

A. One-Year Statute of Limitations

**\*2** The Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA") prescribes a one-year period of limitations
for the filing of habeas petitions by state prisoners. 28

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                        Page 2
Not Reported in F.Supp.2d, 2004 WL 1368845
(Cite as: Not Reported in F.Supp.2d)

U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day time-period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 157 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on April 16, 1997. *Samuel v. State,* 694 A.2d 48 (Del.1997). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on July 15, 1997. Thus, to timely seek habeas relief with this court, petitioner needed to file his § 2254 habeas application no later than July 15, 1998

A *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003). Petitioner's habeas application is dated May 17, 2003. Therefore, the court adopts May 17, 2003 as the

presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With May 17, 2003 as the filing date, petitioner filed his application almost five years too late. As such, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> *3 The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for sentence reduction on August 11, 2003, the one-year federal habeas limitations period had already expired on July 15, 1998. As such, this motion does not toll, or revive, the federal habeas limitations period.[FN1] *See Lawrence v. Carroll,* 2003 WL 21402509, at *2 (D. Del. June 10, 2003). Thus, petitioner's habeas application is time-barred unless the one-year time period is equitably tolled.

> FN1. Moreover, the Delaware Superior Court denied the motion for sentence reduction as untimely. Consequently, it was not "properly filed" for purposes of § 2244(d)(2) and could not trigger the statutory tolling doctrine. *See, e.g., Wilmer v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

*Carroll,* 2003 WL 21146750, at *3-4 (D.Del. May 16, 2003).

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly," *see United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998), and the Third Circuit permits equitable tolling for habeas applications in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones,* 195 F.3d at 159.

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). Basically, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159.

Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, his § 2254 application will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

*4 Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas application must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Samuel v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1368845

Briefs and Other Related Documents (Back to top)

• 1:03CV00487 (Docket) (May. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2004 WL 1043723
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Luis MORALES, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. 03-220-JJF.**

April 28, 2004.

Luis Morales, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General of the State of
Delaware Department of Justice, Wilmington, Delaware, for
Respondents.

*MEMORANDUM OPINION*

FARNAN, J.
**\*1** Presently before the Court is a Petition Under 28 U.S.C.
§ 2254 for Writ of Habeas Corpus by a Person in State
Custody (D.I.1) filed by Petitioner, Luis Morales. For the
reasons set forth below, the Court will dismiss the Petition
as time-barred by the one-year period of limitation
prescribed in 28 U.S.C. § 2244(d)(1).

BACKGROUND

In January 1996, Petitioner was convicted by a jury in the
Delaware Superior Court of delivery of heroin, possession
with intent to deliver heroin, maintaining a dwelling,
possession of a hypodermic needle and syringe, and
conspiracy. The Delaware Superior Court concluded that
Petitioner was a habitual offender and sentenced him to life
in prison. On direct appeal, the Delaware Supreme Court
affirmed the conviction, but reversed the superior court's
determination that Petitioner was a habitual offender.
*Morales v. State,* 696 A.2d 390 (Del.1997) (*"Morales I"* ).

Petitioner was resentenced on October 3, 1997. Petitioner
did not appeal his new sentence. On October 10, 2000,
Petitioner filed a motion for state post-conviction relief,
which the Delaware Superior Court denied as time-barred
under the three-year limitations period set forth in Delaware

Criminal Rule 61(i)(1). *State v. Morales,* 2001 WL 1486169
(Del.Super.Oct. 31, 2001) (*"Morales II"* ). On appeal, the
Delaware Supreme Court affirmed the decision of the
Delaware Superior Court. *Morales v. State,* 2002 WL
272307 (Del. Feb. 22, 2002) (*"Morales III"* ).

By his federal habeas Petition, Petitioner raises three claims
for relief: (1) counsel provided ineffective assistance by
failing to obtain an interpreter for Petitioner during trial; (2)
the police conducted an illegal search; and (3) Petitioner's
due process rights were violated because he was precluded
from presenting a mistaken identity defense. In their
Answer Brief, Respondents contend that the Petition is
time-barred under 28 U.S.C. § 2244(d), or in the alternative,
Petitioner's claims are procedurally barred.

DISCUSSION

I. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), Congress amended the federal habeas
statute by prescribing a one-year period of limitation for the
filing of habeas petitions by state prisoners. *Stokes v.
District Attorney of County of Philadelphia,* 247 F.3d 539,
541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). In
pertinent part, the AEDPA provides:
   (1) A 1-year period of limitation shall apply to an
   application for a writ of habeas corpus by a person in
   custody pursuant to the judgment of a State court. The
   limitation period shall run from the latest of -
   (A) the date on which the judgment became final by the
   conclusion of direct review or the expiration of the time
   for seeking such review ...
28 U.S.C. § 2244(d)(1).

Petitioner was resentenced on October 3, 1997. Petitioner
did not file a direct appeal of his newly imposed sentence.
Thus, the limitation period began to run upon the expiration
of the time for filing such an appeal. *See Nara v. Frank,* 264
F.3d 310, 314 (3d Cir.2001) (stating that where petitioner
did not file a direct appeal, his conviction became final
when the time for filing a direct appeal expired); *Kapral v.
United States,* 166 F.3d 565, 576 (3d Cir.1999) (stating that
the limitation period begins to run at the expiration of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 1043723
(Cite as: Not Reported in F.Supp.2d)

time for filing a direct appeal if none is filed). Pursuant to 10 Del. C. § 147, Petitioner had thirty days in which to file his direct appeal or until November 2, 1997. *See also* Del.Supr. Ct. R. 6(a)(ii). Applying the one-year limitation period to this date, Petitioner was required to file his federal habeas petition on or before November 2, 1998.

**\*2** A petition is deemed filed on the date it is delivered to prison officials for mailing to the court. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Petitioner does not indicate the date on which the Petition was delivered to prison authorities for mailing. However, absent proof of mailing, this Court has held that the date of the signatures within the petition is the date on which the petition is deemed filed. *See Johnson v. Brewington-Carr,* Civ. Act. No. 99-181-JJF, mem. op. at 4 (D.Del. Feb. 22, 2000).

In this case, the Petition is dated February 5, 2003, which is well past the November 1998 filing deadline. Accordingly, the Court concludes that the Petition is time-barred under Section 2244(d), unless the limitation period has been statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### II. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court on October 10, 2000, nearly two years after the filing deadline for his federal habeas petition. Because the federal limitation period had already expired, it could not be tolled by the filing of Petitioner's post-conviction motion. *Downs v. Carroll,* 2003 WL 716597, \*1 (D.Del. Feb. 25, 2003) (collecting cases); *Whalen v. Kearney,* Civ. Act. No. 99-654-JJF, mem. op. at 5-6 (D.Del. Sept. 29, 2000). Accordingly, the Court concludes that the statutory tolling provision cannot render

the Petition timely filed.

### III. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

**\*3** In the instant case, Petitioner fails to allege any extraordinary circumstances giving rise to equitable tolling. Petitioner suggests that he has difficulty communicating in English and received poor advice from "jail-house lawyers," and therefore, his Petition should be tolled. However, courts have recognized that the lack of proficiency in English and the lack of sound advice from others in prison are insufficient reasons to equitably toll the one-year limitation period. *See e.g. Tan v. Bennett,* 2001 WL 823869, \*2 (S.D.N.Y. July 20, 2001) (collecting cases); *Chan v. United States,* 2000 WL 1843290, \*2 (E.D.N.Y. Oct. 25, 2000) ; *Martinez v. Kuhlman,* 1999 WL 1565177, \*2,5 (S.D.N.Y. Dec. 3, 1999) ; *Nguyen v. Mervau,* 1998 WL 556628, \*2 (N.D.Cal. Aug. 24, 1998).

In addition, Petitioner alleges in a Reply To State's Answer that he is actually innocent of the crimes for which he was convicted. It appears to the Court that neither the United States Supreme Court nor Third Circuit have ruled on the question of whether actual innocence can equitably toll the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                      Page 3
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

one-year limitation period. However, even assuming actual innocence can toll the limitation period, the Court would conclude that Petitioner has not established a sufficient basis to support his claim of actual innocence. To succeed on a claim of actual innocence, the petitioner must demonstrate, in light of all the evidence, that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327-328 (1995). Petitioner contends that because of his problems speaking English, his lawyer did not understand his contention that he was the victim of mistaken identity. Petitioner contends that he and his brother resemble each other, and that his brother was actually responsible for the crimes for which Petitioner was convicted. Petitioner's claim, however, is untenable in light of the evidence adduced at trial. The drug transaction forming the basis of Petitioner's convictions involved the purchase of drugs by an undercover officer. (Petitioner's Appendix in *Morales III,* No. 233, 1996 (Del.1997) ( "Petitioner's App.") at A-5-9). The officer purchased three bags of heroin for forty dollars, and the money used by the officer was marked. Shortly after the transaction, the officer observed Petitioner leaving the residence from where the drugs were purchased. Petitioner was stopped by a patrol car, and one of the marked bills was found in Petitioner's possession. (Petitioner's App. at A-12-24). Petitioner was identified by the officer involved in the purchase transaction as the individual from whom the officer purchased the drugs, and evidence was also presented that Petitioner admitted to using drugs and selling to support his habit. (State's Appendix in *Morales III,* No. 233, 1996 at B-1). In these circumstances, the Court cannot conclude that the alleged resemblance between Petitioner and his brother would have made it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner has failed to demonstrate that equitable tolling is warranted, and therefore, the Court will dismiss the Petition as time-barred.

### IV. Certificate of Appealability

**\*4** The Court must next determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the Court has concluded that the Petition is barred by the one-year period of limitation. The Court is convinced that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

### CONCLUSION

For the reasons discussed, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Luis Morales, and deny the Writ of Habeas Corpus sought by Petitioner. In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *28* day of April 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales, is DISMISSED and the Writ Of Habeas Corpus is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                            Page 4
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard under 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Morales v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1043723

Briefs and Other Related Documents (Back to top)

• 1:03CV00220 (Docket) (Feb. 24, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                         Page 1
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Derick LAWRENCE, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady,
Attorney General, Respondents.
No. Civ.A. 03-064-JJF.

June 10, 2003.

Derick Lawrence, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division of the
Delaware Department of Justice, Wilmington, Delaware, for
Respondent.

MEMORANDUM OPINION

FARNAN, J.
*1 Pending before the Court is Derick Lawrence's Petition
Under 28 U . S.C. § 2254 for a Writ of Habeas Corpus by a
Person in State Custody (D.I.2). [FN1] For the reasons set
forth below, the Petition will be denied.

> FN1. Also pending before the Court is Derick
> Lawrence's Motion for Appointment of Counsel
> (D.I.4), which will be denied as moot based on the
> denial of Mr. Lawrence's Petition.

I. BACKGROUND

In February 1998, a Delaware Superior Court jury convicted
Derick Lawrence of first degree robbery. The Delaware
Supreme Court affirmed Mr. Lawrence's conviction on
direct appeal. *Lawrence v. State,* No. 204, 1998 (Del. May
21, 1999). In February 2001, Mr. Lawrence moved for
post-conviction relief under Superior Court Criminal Rule
61. The Delaware Superior Court denied the Rule 61 motion
in August 2001, and the Delaware Supreme Court affirmed
that decision in January 2002. *Lawrence v. State,* No. 440,
2001 (Del. Jan. 18, 2002). Mr. Lawrence filed the instant
petition for federal habeas relief on January 15, 2003,
making the same claims he made in his Rule 61 motion.

II. DISCUSSION

A. *One-Year Period of Limitation*

28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of-(A) the date on
which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such
review....

28 U.S.C. § 2244(d). Mr. Lawrence's conviction became
final when the 90 day period in which he could have applied
for a writ of certiorari from the United States Supreme
Court expired. *Kapral v. United States,* 166 F.3d 565, 575
(3d Cir.1999) ("a state court criminal judgment is 'final'
(for purposes of collateral attack) at the conclusion of
review in the United States Supreme Court or when the time
for seeking certiorari review expires."). Mr. Lawrence had
90 days from May 21, 1999, the date on which the Delaware
Supreme Court affirmed his conviction on direct appeal, to
apply for a writ of certiorari from the United States Supreme
Court. U.S.Sup. Ct. R. 13.1. That 90 day period ended on
August 19, 1999. Thus, under Section 2244(d), Mr.
Lawrence had until August 19, 2000, to file his federal
habeas petition.

A pro se prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court. Mr. Lawrence's Petition is dated January 15,
2003 (D.I. 2 at 7), and in the absence of proof respecting the
date of delivery, that date is the presumptive date the
Petition was delivered to prison officials for mailing. *Woods
v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002). Thus, the
Court finds that Mr. Lawrence's Petition was filed on
January 15, 2003.

Because Mr. Lawrence's Petition was not filed until January
15, 2003, and because, under Section 2244(d), Mr.
Lawrence's petition had to be filed by August 19, 2000, the
Court concludes that Mr. Lawrence's Petition is untimely.

B. *Statutory Tolling*

The one-year period of limitation may be statutorily tolled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

**\*2** Mr. Lawrence filed a motion for post-conviction relief in February 2001; however, the one year period of limitation had been expired for nearly six months at that point. Consequently, the Court concludes that Mr. Lawrence's motion for post-conviction relief did not toll the one year period of limitation under Section 2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001) (holding that application for post-conviction relief filed after the expiration of the one-year period has no tolling effect).

### C. *Equitable Tolling*

The one-year period of limitation may also be equitably tolled. *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Id.* at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

Mr. Lawrence contends that the Court should equitably toll the one-year period of limitation because (1) he did not learn that his direct appeal was denied until July 2000, (2) he had limited access to the law library from June 1998 until January 2001, and (3) despite his limited legal knowledge, he was diligent in preparing and filing his Rule 61 motion. (D.I. 17 at 2-3). In response, the Respondents contend that none of the reasons advanced by Mr. Lawrence rise to the

level necessary to invoke the equitable tolling doctrine. Specifically, the Respondents contend that any mistake or miscalculation by Mr. Lawrence does not warrant equitable tolling.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). In this case, Mr. Lawrence's reasons for not timely filing his Petition are attributable, in the Court's view, to neglect, mistake, or inadequate legal knowledge. After reviewing the entire record, the Court concludes that there are no extraordinary circumstances in this case that merit application of the equitable tolling doctrine.

Because Mr. Lawrence's Petition is untimely under Section 2244(d) and because the one-year period of limitation is not subject to statutory or equitable tolling, the Court will deny the Petition.

### IV. *Certificate of Appealability*

**\*3** The court may issue a certificate of appealability ("COA") only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

In the instant case, the Court has concluded that Mr. Lawrence's Petition is barred by the one-year period of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

limitation and that the period should not be statutorily or equitably tolled. The Court is convinced that reasonable jurists would not find otherwise. Therefore, Mr. Lawrence has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### III. CONCLUSION

For the reasons discussed, Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 10th day of June 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:
1. Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED;*
2. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED;*
3. Derick Lawrence's Motion for Appointment of Counsel (D.I.4) is *DENIED* as moot.

D.Del.,2003.
Lawrence v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00064 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Michael A. BENSON, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney
General of the State of Delaware, Respondents.
**No. Civ.A. 03-065-SLR.**

May 18, 2004.

Michael A. Benson, petitioner, pro se.
Elizabeth McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware, for
respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner Michael A. Benson is a Delaware inmate in
custody at the Delaware Correctional Center in Smyrna,
Delaware. Currently before the court is petitioner's
application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254. (D.I.1) For the reasons that follow, the court
concludes that petitioner's application is time-barred by the
one-year period of limitations prescribed in 28 U .S.C. §
2244(d)(1). Accordingly, the court will dismiss the petition
as untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1998, petitioner was convicted by a Delaware
Superior Court jury of three counts of delivery of cocaine
(16 DEL. C. § 4751); two counts of possession with intent
to deliver cocaine (16 DEL. C. § 4755(a)(5)); trafficking in
cocaine (16 DEL. C. § 4753(a)(2)(a)); and possession of
drug paraphernalia (16 DEL. C. § 4771). On December 4,
1998, the Superior Court sentenced petitioner to a total of
seventy-eight (78) years imprisonment, seventy-five (75) of
which were mandatory at Level V. *See State v. Benson,*
2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).

Petitioner, represented by counsel, filed a timely notice of
appeal. Thereafter, petitioner's counsel filed a motion to
withdraw pursuant to Delaware Supreme Court Rule 26(c),
stating that he found no meritorious issues for appeal.
Although counsel informed petitioner by letter that he could
supplement his attorney's brief, petitioner failed to raise any
issues on appeal. The Delaware Supreme Court
subsequently affirmed petitioner's convictions on June 29,
1998. *See Benson v. State,* No. 521, 1998 (Del. June 29,
1998).

In April 2001, petitioner filed a motion for state
post-conviction relief pursuant to Superior Court Criminal
Rule 61 in the Delaware Superior Court. His Rule 61
motion alleged four claims: (1) ineffective assistance of
counsel; (2) the trial court never heard his motion to
suppress evidence; (3) there was insufficient evidence to
support his conviction; and (4) illegal sentencing. *State v.
Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).
The Superior Court denied the Rule 61 motion as
procedurally barred by Rule 61(i)(3) for failure to prove
cause and prejudice. *Id.* Petitioner filed a timely notice of
post-conviction appeal. However, the Delaware Supreme
Court dismissed the post-conviction appeal on July 11, 2002
because petitioner never filed an opening brief and
appendix. *Benson v. State,* 803 A.2d 427 (Del.2002).

III. DISCUSSION

Presently before the court is petitioner's *pro se* application
for federal habeas relief. (D.I.1) Petitioner asserts six habeas
claims: (1) after petitioner filed his Rule 61 motion, the
Superior Court did not require his trial attorney to
personally respond to his ineffective assistance of counsel
claim and did not hold an evidentiary hearing, thereby
denying him due process; (2) the Superior Court, in
dismissing his Rule 61 motion, erroneously found that
petitioner had not established cause for his failure to raise
the suppression of evidence claim on direct appeal; (3) the
evidence at trial was insufficient to support his conviction
due to his trial counsel's ineffectiveness; (4) he was denied
effective assistance of counsel at trial and on appeal; (5) his
conviction was based on an insufficient indictment, thereby
violating due process and double jeopardy; and (6) the
Superior Court's denial of his ineffective assistance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                     Page 2
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

counsel claim raised in his Rule 61 motion was contrary to *Strickland v. Washington*, 466 U.S. 668 (1988). (D.I.1)

**\*2** Respondent contends that the entire petition is time-barred and asks the court to dismiss the petition as untimely.<sup>FN1</sup> (D.I. 8 at 3-5) Petitioner's habeas petition is now ripe for review.

> FN1. In the alternative, respondent also asks the court to dismiss the petition because petitioner procedurally defaulted his claims by failing to prosecute his appeal. (D.I. 8 at 5, citing *Gibbs v. Redman*, Civ. Act. No. 89-351-LON, Order at 4 (D.Del. Oct. 11, 1991)) The court, however, finds that petitioner's failure to comply with the one-year limitations period justifies dismissal of this petition.

A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run

when petitioner's conviction became final under § 2244(d)(1)(A).

When a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on June 29, 1999. *Benson v. State,* 734 A .2d 640 (Del.1999). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 29, 1999. Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 29, 2000.

Petitioner's habeas petition is dated January 7, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the court adopts January 7, 2003 as the presumptive filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With January 7, 2003 as the filing date, petitioner filed his petition approximately two and one-half years too late. As such, his habeas petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

B. Statutory Tolling

**\*3** Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 3
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for state post-conviction relief in April 2001, the one-year federal habeas limitations period had already expired on September 29, 2000. As such, the Rule 61 motion did not toll the federal habeas limitations period. Thus, petitioner's habeas petition is time-barred unless the one-year time period is equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:
(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Generally, "a statute of limitations should be tolled only in

the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001).

*4 Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* Civ. Act. No. 00-737-GMS, 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, petitioner's § 2254 petition will be dismissed as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                        Page 4
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Benson v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00065 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the
State of Delaware, Respondents.
No. CIV.A. 98-597-GMS.

Nov. 28, 2001.

MEMORANDUM AND ORDER

SLEET, District J.

*1 Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was

summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to Allen v. United States, 164 U.S. 492 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 541 (3d Cir.2001). Effective April 24, 1996, the AEDPA provides:

*2 (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could

have delivered it to prison officials for mailing.

**\*3** Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation.[FN1]

> FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000).

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation.[FN2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period.[FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 3
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred." Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25,

1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

### C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d Cir.2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:

**\*4** only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159, *quoting United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, *see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel,

will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

**\*5** Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
3. The court declines to issue a certificate of appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                     Page 1
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2003 WL 21146750
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Ronnie D. WILMER, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady,
Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 02-1587-SLR.**

May 16, 2003.

MEMORANDUM ORDER

ROBINSON, J.

### I. INTRODUCTION

*1 Petitioner Ronnie D. Wilmer is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

### II. BACKGROUND

Petitioner was indicted in July 1994 for three drug offenses. (D.I.11) He pled guilty in October 1994 to trafficking in cocaine and maintaining a vehicle for distributing controlled substances. The Delaware Superior Court sentenced petitioner to a total of eight years imprisonment, which it suspended after five years for three years probation. (*Id.*)

In February 2000, petitioner was arrested for several motor vehicle offenses. (*Id.*) During the execution of a search warrant at the home of petitioner's mother, the Delaware State Police found over 50 grams of crack cocaine. Petitioner subsequently admitted that the drugs belonged to him. In addition, probation officers charged petitioner with violating his curfew. As a result, in March 2000, state probation officers charged petitioner with violating the

terms of his probation and, in April 2000, petitioner was indicted on various drug charges. In August 2000, Petitioner pled guilty to possession of cocaine and maintaining a dwelling for keeping controlled substances, and the Delaware Superior Court found that petitioner had violated his probation stemming from the 1994 conviction. The Superior Court revoked his probation and petitioner was sentenced to two years imprisonment ("VOP sentence"). In connection with another 1994 conviction for which he had also been on probation, the Superior Court sentenced him to two years imprisonment. (*Id.*)

Petitioner did not appeal his conviction or the revocation of his probation. (*Id.*) Rather, on November 3, 2000, petitioner moved to modify his sentence under Rule 35(b) of the Superior Court Rules of Criminal Procedure. The Superior Court denied this motion on November 21, 2000, and petitioner did not appeal that decision. Subsequently, on July 23, 2001, petitioner filed a motion to correct his sentence under Rule 35(a) of the Superior Court Rules of Criminal Procedure, which the Superior Court denied on July 31, 2001. Petitioner appealed and, on February 13, 2002, the Delaware Supreme Court affirmed the Superior Court's decision. Forty-three days later, petitioner moved for post-conviction relief under Rule 61 of the Superior Court Rules of Criminal Procedure. On June 19, 2002, the Delaware Superior Court denied that motion, and the Delaware Supreme Court affirmed this denial on September 27, 2002. (*Id.*)

On October 29, 2002, petitioner filed with this court his application for federal habeas relief, along with a request to proceed *in forma pauperis*. (D.I.2) In his habeas petition, petitioner alleges that his counsel provided ineffective assistance by:[FN1]

> FN1. Petitioner did not write out the grounds for the petition but, rather, he attached a copy of the Delaware Supreme Court's Order affirming the Superior Court's judgment.

*2 (1) failing to inform him about the basis for the State's case, investigate the facts, or meet or communicate with him about the case;
(2) re-scheduling the VOP hearing repeatedly; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 21146750
(Cite as: Not Reported in F.Supp.2d)

(3) waiving his constitutional right to a preliminary hearing.
(D.I. 2, *Wilmer v. State,* No. 359, 2002, at 2 (Sept. 27, 2002)).

This court granted petitioner's request to proceed *in forma pauperis.* (*Id.*) On November 19, 2002, petitioner simultaneously filed a motion for release pending review (D.I.7) and a motion for the production of documents. (D.I.8) The motion for the production of documents requests copies of "all police reports, probable cause, and physical material evidence leading to the arrest of the petitioner ... [and a] copy of the executed search warrant." (*Id.*)

As to petitioner's application for federal habeas relief, respondents assert that the petition is untimely because petitioner filed it after the expiration of the one-year period of limitation, and they ask the court to dismiss it as time-barred. (D.I.11) They assert that the motion for release pending review should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not satisfied the required standards justifying such action. (D.I.15) Respondents also assert that the motion for the production of documents should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not established "good cause" for discovery. (D.I.14)

On February 10, 2003, petitioner filed a "reply in opposition of respondent's answer to motion for the production of documents" and a reply brief. (D.I.16, 17) Petitioner's reply regarding the motion for the production of documents asserts that the court needs to review the entire state record to determine the validity of his ineffective assistance of counsel claim, and that this mixed question of law and fact is not entitled to the "presumption of correctness" prescribed by § 2254(e)(1). (D.I. 16 at 2-3) Petitioner's reply brief provides additional explanations for his ineffective assistance of counsel claim. (D.I.17) In addition, petitioner requests an evidentiary hearing because facts are in dispute, and he asserts his right to counsel during such evidentiary hearing. (*Id.* at 6)

### III. DISCUSSION

### A. One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA states, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). If a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). If a petitioner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired." *See Kapral,* 166 F.3d at 577.

**\*3** In the present case, the Delaware Superior Court sentenced petitioner on August 3, 2000. Because petitioner did not appeal his sentence, the one-year period of limitation began to run on the expiration of the time for filing an appeal. Pursuant to Delaware law, a notice of appeal in a direct criminal appeal must be filed within thirty days after a sentence is imposed. *See* 10 Del.Code Ann. § 147; Del.Supr.Ct.R. 6(a)(ii). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 5, 2000. [FN2] Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 5, 2001.

> FN2. The thirtieth day was actually September 2, a Saturday. Because Monday, September 4, was Labor Day, the appeal period expired on September 5, 2000. Del.Supr.Ct.R.11(a).

The court's docket indicates that petitioner filed his pending habeas petition on October 29, 2002, one year and fifty four days too late. However, a *pro se* prisoner's habeas petition is considered filed on the date the petition is delivered to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 3
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

prison officials for mailing, not on the court's docket date. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). The pending petition was actually signed and dated October 9, 2002, and stamped as "received" by the District Court Clerk's Office on October 10, 2002. Thus, the court will assume that petitioner mailed the petition on October 9, 2002 and, therefore, will treat October 9, 2002 as the date of filing.

Even if the date of filing is October 9, 2002, the petitioner filed his habeas petition one year and thirty four days after his conviction became final. Nonetheless, if either the doctrine of statutory tolling or equitable tolling applies, then the petition will not be time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for State post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

Although the petitioner did not appeal his VOP sentence, he did file three post-conviction motions for review: (1) Rule 35(b) motion to modify sentence, filed November 3, 2000 and denied on November 21, 2000; (2) Rule 35(a) motion to correct sentence, filed July 23, 2001, denied on July 31, 2001, and affirmed by the Delaware Supreme Court on appeal on February 13, 2002; and (3) Rule 61 motion for post-conviction relief, filed on March 28, 2002, denied on June 19, 2002, and affirmed by the Delaware Supreme Court on appeal on September 27, 2002. The respondents assert that the Rule 35(b) motion to modify sentence does not toll the limitations period because it is "little more than a plea to the sentencing judge for leniency." (D.I. 11, citing

*Walkowiak v. Haines,* 272 F.3d 234 (4th Cir.2001); *see Bland v. Hall,* 2002 WL 989532 (D.Mass. May 14, 2002)). While the court agrees that petitioner's 35(b) motion does not toll the one-year period, it disagrees with the respondents' reasoning.

*4 Generally, a Rule 35(b) motion does toll the one-year time period because it "qualifies as an application for postconviction or other collateral review under § 2244(d)(2)." *McNeil v. Snyder,* 2002 WL 202100, at *3 (D. Del. Feb 8, 2002). However, even though a Rule 35(b) motion can toll the one-year period, it can only do so if it was timely filed in the right location. *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) ; 28 U.S.C. § 2244(d)(2). In this instance, the Delaware Superior Court denied the Rule 35(b) motion because it was "filed more than 90 days after imposition of sentence and is therefore timebarred." FN3 (D.I. 13, State's August 16, 2002 App. B2) Because petitioner's motion did not conform to the state's procedural requirements, the motion was not properly filed and, thus, it does not trigger 28 U.S.C. § 2244(d)(2)'s tolling provision.

> FN3. Del.Super. Ct. R. 35(b) requires a motion to reduce a sentence to be "made within 90 days after the sentence is imposed." The Superior Court Criminal Docket indicates that the sentence was imposed on August 3, 2000, but was not signed and filed until August 15, 2000. (D.I. 13, State's Aug. 16, 2002 App. B2) Thus, the 90-day filing period for a Crim R. 35(b) motion commenced on August 3, 2000, the date of sentencing. Petitioner filed his 35(b) motion on November 3, 2000, ninety-two days after sentencing.

The respondents correctly acknowledge that the one-year period was tolled by petitioner's other post-conviction motions. Petitioner filed his 35(a) motion to correct his sentence on July 23, 2001, tolling the time period until the Delaware Supreme Court affirmed the denial of post-conviction relief on February 13, 2002. By the time petitioner filed the Rule 35(a) motion, 321 days of the one-year period had lapsed. The one-year period began to run again on February 13, 2002, but was tolled 43 days later on March 28, 2002 when petitioner filed a motion for post-conviction relief under Rule 61 of the Superior Court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Rules of Criminal Procedure. The time period was tolled until September 27, 2002, when the Delaware Supreme Court affirmed the denial of post-conviction relief. However, at this point in time, there was only one day left in the limitations period. Thus, to be timely, petitioner had to file his habeas petition by September 28, 2002. Accordingly, because the petition was not filed until October 9, 2002, it is time-barred. The court concludes that the doctrine of statutory tolling does not render the petition timely.

### C. Equitable Tolling

A petitioner may be able to avoid the AEDPA one-year time period by demonstrating that the doctrine of equitable tolling applies to the habeas motion. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998). Equitable tolling is proper when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Id.* at 618 (internal citations omitted). However, the Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

**\*5** *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims;" mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances"

sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (quoting *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

The respondents' answer clearly asserts that the petition is time-barred and must be dismissed, and that the time period is neither statutorily nor equitably tolled. (D.I.11) Despite this explicit argument, petitioner's reply brief does not address the timeliness issue. (D.I.17) Rather, petitioner focuses on the issue of exhaustion of state remedies. [FN4] (*Id.*) Nevertheless, the court broadly construes petitioner's statement that "the respondents breach[ed] ... this court's procedural rules of habeas corpus proceedings, pursuant to 28 U.S.C. § 2249 associated with its obligation to submit to this court all state records of the defendant ... [c]learly it [is] conceivable that this is the respondents' attempt to sabotage the petitioner's efforts to make his claim of ineffective assistance of counsel argument" as a potential equitable tolling argument. (*Id.* at 4) Basically, petitioner appears to argue that the State's failure to respond to his prior requests for copies of the search warrant and police report illustrate that he "was in some extraordinary way prevented from asserting his rights."

> FN4. In fact, the respondents explicitly acknowledge that the petitioner "obviously exhausted state remedies." (D.I. 11 at 2)

The court is not persuaded by this argument. Even if, arguendo, the State were attempting to "sabotage the petitioner's effort to make his claim of ineffective assistance of counsel argument," the failure to produce the requested items did not prevent petitioner from timely filing his habeas petition. To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance. Equitable tolling is not triggered by a *pro se* prisoner's mistake or miscalculation of the time period. *See Simpson v. Snyder,* 2002 WL 1000094, at \*3 (D.Del. May 14, 2002). In short, the court concludes that the petitioner has not presented any extraordinary circumstances to warrant applying the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 5
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

doctrine of equitable tolling. Accordingly, petitioner's § 2254 habeas petition will be dismissed as untimely.

### D. Motion for an Evidentiary Hearing

**\*6** Petitioner asserts that he is entitled to an evidentiary hearing "on his ineffective assistance of counsel claims as a matter of right where the facts are disputed." (D.I. 17 at 6) Although a federal court has discretion to grant evidentiary hearings, the AEDPA permits such hearings only in limited circumstances. *See* 28 U.S.C. § 2254(e) ; *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d. Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). For example, if a habeas petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." *Id.* at 287 (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998). When deciding whether to grant an evidentiary hearing, courts "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* A petitioner needs to explain how the evidentiary hearing will advance the habeas claim, or " 'forecast any evidence beyond that already contained in the record' that [will] help his cause." *Id.* (quoting *Cardwell,* 152 F.3d at 338).

In the present case, petitioner's habeas petition is time barred. The alleged "facts in dispute" to which petitioner refers involve the search warrant and police reports for the 2000 conviction. (D.I. 17 at 4,6) Any information contained in these requested documents would not alter the court's decision that the petition is time barred. [FN5] Accordingly, the court will deny petitioner's request for an evidentiary hearing.

> FN5. The court notes that this request was included in petitioner's reply brief. As such, he was aware of the respondents' assertion that the petition is time-barred and, therefore, he could have identified what evidence, if any, could be produced to challenge the time-bar issue.

### E. Motions for the Production of Documents and for Release

Petitioner asks the court for leave to conduct discovery, seeking to obtain copies of the police reports related to the 2000 offenses and a copy of the search warrant executed by state police. (D.I.8) Petitioner also requests that the court order his release pending disposition of his habeas petition. (D.I.7) Because the court will dismiss his habeas petition as untimely, petitioner's requests for discovery and release are now moot.

Even if petitioner's requests were not moot, he has failed to satisfy the standards justifying the granting of the two motions. First, a federal court may grant leave to conduct discovery only if the party establishes "good cause" for such discovery. Rule 6(a) of the Rules Governing Section 2254 Actions. In order to establish "good cause," the applicant must state the "point to specific evidence that might be discovered that would support a constitutional claim." *Marshall v. Hendricks,* 103 F.Supp.2d 749, 760 (D.N.J.2000), *rev'd in part on other grounds,* 307 F.3d 36 (3d Cir.2002) (citing *Deputy v. Taylor,* 19 F.3d 1485, 1493 (3d Cir.1994)).

Although petitioner specifically identifies the documents requested for discovery, he does not articulate the information he expects to uncover in the reports or how the reports would support his constitutional claim. His unsupported conclusory allegation that "had this evidence been disclosed in state court proceedings, the results would have been different" fails to provide "good cause." As such, even if not moot, the request for the production of the police reports and the search warrant would be denied.

**\*7** Second, with regard to his motion for release pending disposition of his habeas petition, petitioner erroneously asserts Rule 23(c) of the Federal Rules of Appellate Procedure as authorizing such release. (D.I.7) This rule governs requests for bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus, not this situation where petitioner requests bail pending the district court's review of an application for habeas relief. *See Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). In order for a district court to grant bail pending review of the habeas petition of a state prisoner, the court must find "extraordinary circumstances." *Id.* (citing *Lucas v. Hadden,* 790 F.2d 365, 367 (3d Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 6
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Accordingly, even if not moot, the court would deny the motion because petitioner has failed to articulate any extraordinary circumstances that would allow the court to order his release from state custody.

### IV. CERTIFICATE OF APPEALABILITY

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability because the petitioner "has [not] made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A court will grant a certificate of appealability in such a case only if the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the court concludes that petitioner's habeas petition is barred by the one-year period of limitation. Neither the statutory tolling provision nor the doctrine of equitable tolling applies. Moreover, the court is convinced that reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:
  1. Petitioner Ronnie D. Wilmer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DISMISSED, and the relief requested therein is DENIED.
  2. Petitioner's motion for release pending review and decision (D.I.7) is DENIED.
  3. Petitioner's motion for the production of documents (D.I.8) is DENIED.
  4. Petitioner's request for an evidentiary hearing and the

appointment of counsel (D.I. 17 at 6) is DENIED.
*8 5. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Wilmer v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21146750

Briefs and Other Related Documents (Back to top)

• 1:02CV01587 (Docket) (Oct. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charles W. SIMPSON, Petitioner,

v.

Robert W. SNYDER, Warden, and Attorney General of the
State of Delaware, Respondents.
**No. CIV.A. 00-737-GMS.**

May 14, 2002.

MEMORANDUM AND ORDER

SLEET, District J.
**\*1** Following a jury trial in the Delaware Superior Court,
Charles W. Simpson was convicted of rape, attempted rape,
and unlawful sexual contact. He was sentenced to three
consecutive terms of life in prison plus seven years.
Simpson has now filed with the court a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. As explained
below, the court will dismiss Simpson's petition as time
barred by the one-year period of limitation prescribed in 28
U.S.C. § 2244(d)(1).

I. BACKGROUND

On July 3, 1990, a jury in the Delaware Superior Court
found Charles W. Simpson guilty of two counts of first
degree rape, attempted first degree rape, and unlawful
sexual contact in the second degree. The victim was the
minor daughter of Simpson's girlfriend. On September 21,
1990, the Superior Court sentenced Simpson to three terms
of life in prison plus seven years. The Delaware Supreme
Court affirmed Simpson's conviction and sentence on
December 19, 1991. *Simpson v. State,* No. 340, 1990, 1991
WL 316959 (Del. Dec. 19, 1991).

On December 15, 1994, Simpson filed in the Superior Court
a motion for postconviction relief pursuant to Rule 61 of the
Superior Court Rules of Criminal Procedure. The Superior
Court found that some of Simpson's claims were
procedurally barred, and that the remaining claims were
without merit. *State v. Simpson,* Crim. A. No.
IN-89-03-1657-R1, 1995 WL 562163 (Del.Super.Ct. Sept.
8, 1995). The Delaware Supreme Court affirmed the

Superior Court's order denying Rule 61 relief. *Simpson v.
State,* No. 421, 1995, 1996 WL 554233 (Del. Sept. 20,
1996). Simpson filed a second Rule 61 motion on October
3, 1997, which the Superior Court denied on the ground that
each of his claims was procedurally barred. *State v.
Simpson,* Crim. A. No. IN89-031657R2, 1998 WL 735882
(Del.Super.Ct. Sept. 1, 1998). The Delaware Supreme Court
again affirmed. *Simpson v. State.* No. 429, 1998, 1999 WL
636630 (Del. July 30, 1999).

Simpson has now filed the current petition for federal
habeas corpus relief pursuant to 28 U.S.C. § 2254. In his
petition, Simpson raises six claims for relief. The
respondents argue that the petition is subject to a one-year
period of limitation that expired before Simpson filed it.
Thus, they ask the court to dismiss the petition as time
barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), Congress amended the federal habeas
statute by prescribing a one-year period of limitation for the
filing of habeas petitions by state prisoners. *Stokes v.
District Attorney of County of Philadelphia,* 247 F.3d 539,
541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). Effective
April 24, 1996, the AEDPA provides:
(1) A 1-year period of limitation shall apply to an
application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of -
**\*2** (A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for
seeking such review ...

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible
retroactive application of the one-year period of limitation,
state prisoners whose convictions became final prior to the
enactment of the AEDPA were allowed to file their § 2254
petitions no later than April 23, 1997. *See Burns v. Morton,*
134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of
petitions filed on or before April 23, 1997, as untimely
under § 2244(d)(1)(A)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

Simpson's conviction became final prior to the enactment of the AEDPA. He was sentenced on September 21, 1990. The Delaware Supreme Court affirmed the judgment of conviction on December 19, 1991. Simpson was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.1. Although Simpson did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Simpson's conviction became final on March 19, 1992, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

The court's docket reflects that Simpson's habeas petition was filed on August 10, 2000. (D.I.1.) A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets it. *Id.* at 113. Attached to Simpson's petition is a certificate of service certifying that he placed it in the prison mail on August 3, 2000. Thus, the court deems Simpson's petition filed on August 3, 2000.

Obviously Simpson's habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:
The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

**\*3** As described above, Simpson filed in the Superior Court his first Rule 61 motion for postconviction relief on December 15, 1994, prior to the enactment of the AEDPA. His Rule 61 motion was pending until September 20, 1996, when the Delaware Supreme Court affirmed the denial of postconviction relief. Respondents acknowledge, and correctly so, that the one-year period was tolled while Simpson's first Rule 61 motion was pending until September 20, 1996.

More than one year later, on October 3, 1997, Simpson filed his second Rule 61 motion in the Superior Court. By that time, however, the one-year period had expired. Simpson's second Rule 61 motion, filed after the one-year period expired, has no effect on the timeliness inquiry in the current matter.

In short, the one-year period of limitation was tolled while Simpson's first Rule 61 motion was pending. Nonetheless, the one-year period expired before Simpson filed his federal habeas petition.

### C. Equitable Tolling

In addition to statutory tolling, the one-year period of limitation may be subject to equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

Here, Simpson has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. He has not explained why he waited until October 3, 1997, to file his second Rule 61 motion. Nor has he explained why he waited until August 3, 2000, to file the current petition. His only explanation is that some unidentified individual at the prison assured him that he would have one year following the conclusion of his second Rule 61 proceedings in which to file a federal habeas petition. (D.I.18.)

Unfortunately for Simpson, his unfamiliarity with federal habeas filing requirements does not excuse his failure to comply with the one-year period of limitation. An incarcerated pro se petitioner's lack of legal knowledge does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation. *See Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194 (2001); *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000). Likewise, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are not extraordinary circumstances giving rise to equitable tolling. *Fahy,* 240 F.3d at 244. The purpose of the one-year period of limitation is to "considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances." *Miller,* 145 F.3d at 618. Applying the doctrine of equitable tolling simply because a pro se petitioner is unfamiliar with the intricacies of federal habeas procedures would seriously undermine this purpose.

**\*4** Moreover, even if someone at the prison erroneously assured Simpson that he could file a federal habeas petition within one year of the conclusion of his second Rule 61 proceedings, the court cannot conclude that his habeas petition was timely filed. Simpson's second Rule 61 motion was "pending" under § 2244(d)(2) until July 30, 1999, when the Delaware Supreme Court affirmed the Superior Court's

order denying it. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000). Simpson filed his habeas petition more than one year later on August 3, 2000.

In short, the court can discern no circumstances which would permit applying the doctrine of equitable tolling. Simpson's habeas petition will be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Simpson's habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled. The court is convinced that reasonable jurists would not debate otherwise. Simpson has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Charles W. Simpson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

2. The court declines to issue a certificate of appealability
for failure to satisfy the standard set forth in 28 U.S.C. §
2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Simpson v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00737 (Docket) (Aug. 10, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2000 WL 1897290
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Darryal D. COVERDALE, Plaintiff,
v.
Robert SNYDER, et al. Defendants.
Darryal D. COVERDALE, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady Attorney
General of the State of Delaware, Respondents.
**No. Civ.A. 98-718-GMS.**

Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown , State of Delaware Department of
Justice, Wilmington, DE, for Defendants.
Thomas E. Brown , of the State of Delaware Department of
Justice, Wilmington, Delaware, for Respondents, Robert
Snyder and M. Jane Brady.

*MEMORANDUM OPINION*

SLEET, J.

## I. INTRODUCTION

**\*1** The petitioner, Darryal D. Coverdale, ("Coverdale"), is
currently incarcerated in the Delaware Correctional Center
located in Smyrna, Delaware. He filed a petition for the
issuance of a writ of habeas corpus on December 28, 1998,
with the court (D.I.1). In his petition, Coverdale raises the
following four separate grounds for relief: (1) abuse of
discretion by the trial court, (2) prosecutorial misconduct,
(3) ineffective assistance of counsel and (4) obstruction of
justice by the State of Delaware. Coverdale also filed a
motion to compel discovery. (D.I.14).[FN1] After
considering the papers filed by the parties the court finds
that Coverdale's claims lack merit. Therefore, it will dismiss
the petition with prejudice, deny the relief requested, and
deny the motion as moot.[FN2]

> FN1. Coverdale filed his motion on October 18,
> 1999. According to his motion, the respondents
> violated a court order by not furnishing transcripts

of the proceedings. However, the order to which
Coverdale refers states "[i]ndicate what transcripts
of pre-trial, trial, sentencing, and post-conviction
proceedings are available, when they can be
furnished, and what proceedings have been
recorded but not transcribed." (D.I. 4 at ¶ 2(c)).
The respondents' answer states that no transcripts
of the proceeding were prepared but would be if
the court so ordered. Additionally, the respondents
maintain that it would take more than 90 days to
make the transcripts available. Since the
respondents did not violate the terms of the court's
order and, in any event, Coverdale's motion is
moot, the court will deny it.

> FN2. Coverdale has also filed an action against
> numerous individuals for alleged violations of 42
> U.S.C. § 1983 based on the same facts alleged in
> his petition. As to the issues raised in that action,
> the court will issue a separate opinion in Civ.A.No.
> 98-718-GMS.

## II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware Superior Court
to charges of theft and possession of drugs. For the theft
charge, he was sentenced to two years imprisonment at
Level V incarceration, suspended for a Level IV treatment
program followed by a period of probation. For the drug
charge, Coverdale was sentenced to one year in prison,
suspended for one year of probation. Upon a 1996 finding
that he violated the terms of his probation, The Delaware
Superior Court resentenced Coverdale to drug treatment
followed by an additional term of probation. In 1997,
Coverdale was arrested yet again on drug charges. Since he
had never reported to the Level IV drug treatment program
to which he was twice sentenced, he was also charged with
escape after conviction. *See In re Coverdale*, No. 125, 1998,
1998 WL 188568, at *1 (Del. April 7, 1998) (Coverdale I).
On January 23, 1998, after holding a hearing at which
Coverdale was represented by counsel, the Delaware
Superior Court convicted him of violating his probation,
revoked his probation, and sentenced him to two and a half
years in prison.[FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 2000 WL 1897290
(Cite as: Not Reported in F.Supp.2d)

FN3. The record indicates that Coverdale plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware.[FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief.[FN5]

FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions attacking his conviction. *See Coverdale I,* 1998 WL 188568 at *1-2.

FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. *See* Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. *See Coverdale v. State of Delaware,* No. 188, 1998, 1998 WL 985330, at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:

1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post conviction relief.

2. The prosecutor intentionally manipulated the revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.

*2 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."

4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive.[FN6] *See Coverdale v. State of Delaware,* No. 179, 2000, 2000 WL 1616599, at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

### III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *See, e.g., Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                Page 3
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *see also Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) ; *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996) ; *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at \*3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

### IV. DISCUSSION

#### 1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996) (citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent" to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

**\*3** Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted. [FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D.I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at \*1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus,

and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at \*1; *Coverdale II,* 1998 WL 985330, at \*1; *Coverdale I,* 1998 WL 188568, at \*1.

> FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

#### B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law); *see also Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3). [FN8] *See Coverdale II,* 1998 WL 985330, at \*1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999) ; *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at \*11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at \*17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at \*3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                    Page 4
Not Reported in F.Supp.2d, 2000 WL 1897290
(Cite as: Not Reported in F.Supp.2d)

statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

> FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice to federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S.C. § 2254(a) ; *Coleman,* 501 U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

**\*4** To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991) ; *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused

Coverdale's failure to comply with the state procedural requirements.[FN9] *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at *5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him. FN10

> FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

> FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 "should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 5
Not Reported in F.Supp.2d, 2000 WL 1897290
(Cite as: Not Reported in F.Supp.2d)

allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at *6; *Laws,* 1996 WL 484835, at *3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986) ; *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

> FN11. Coverdale plead guilty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any 'actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298, 327-28 (1995) ; *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992) ; *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. *See Finch,* 2000 WL 52162, at *6.

**\*5** Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation

of probation hearing-was properly before the Delaware Supreme Court.[FN12] *See* Ans. at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

> FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. *See* 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. *See Mayberry v. Petsock,* 821 F.2d 179, 185 (3d. Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that "[c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an "agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                          Page 6
Not Reported in F.Supp.2d, 2000 WL 1897290
(Cite as: Not Reported in F.Supp.2d)

FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 295 (3d Cir.1991) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. *See Gagnon v. Scarpelli,* 411 U.S. 756, 787 (1973); *see also United States v. Barnhart,* 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

**\*6** Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction.[FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus.[FN15]

> FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions without the assistance of an attorney.

> FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

### C. Certificate of Appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                        Page 7
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A)).

### V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                          Page 1
Slip Copy, 2006 WL 1788487 (D.Del.)
(Cite as: Slip Copy)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Larry WINTERS, Petitioner,
v.
Raphael WILLIAMS, Warden, and Carl C. Danberg, Attorney General of the State of Delaware, Respondents.
No. CIV A. 04-1361-JJF.

June 27, 2006.

Joseph M. Bernstein, for Petitioner.
Loren C. Meyers, Chief of the Appeals Division, Delaware Department of Justice, Wilmington, Delaware. for Respondents.

*MEMORANDUM OPINION*
FARNAN, J.

**\*1** Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Larry Winters. (D.I.1.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of July 23, 2003, Officer Donovan Delaney of the New Castle County police was on routine patrol in Canby Park. He saw a car parked in a secluded wooded area down a dirt path approximately thirty yards from the paved road. Suspicious, Officer Delaney left his car and walked down the path to investigate. He could not see inside the car due to the darkly tinted windows, and he tapped on the passenger side door. The occupant of the car rolled the window down. Looking inside, Officer Delaney saw a young girl in the passenger seat and an older man behind the steering wheel. The officer asked the occupants their ages. The girl ("C.W.") replied that she was seventeen, and the man replied that he was fifty-three. Officer Delaney then asked the driver, who turned out to be Petitioner, to step out of the car. As Officer Delaney started to walk away from the passenger side of the car C.W. said, "He's trying to do it to me."

Officer Delaney had called for assistance before approaching the car, and Officer David Cole arrived a few moments later. Officer Cole questioned C.W., and she told him that she had been walking on Adams Street in Wilmington when she was approached by Petitioner in his car. Petitioner asked her to get into the car, and when she refused, he opened the passenger door, forced her in, and drove to the park. Officer Cole asked C.W. no further questions.

Both Petitioner and C.W. were taken to the county police headquarters for additional questioning. There, C.W. admitted to a detective that she was actually fifteen years old, not seventeen years old, and that Petitioner had offered her money in exchange for sex, which she refused. (D.I. 9, State's Ans. Br. in *Winters v. State,* No.181,2004, at 8.)

In August 2003, the grand jury issued a two-count indictment charging Petitioner with sexual solicitation of a child and possession of drug paraphernalia. A jury trial was held in the Delaware Superior Court. At trial, C.W. testified that she was walking along the street when she heard someone call out, and Petitioner pulled up beside her in his car. She and Petitioner, with whom she was unacquainted, held a brief conversation, and she accepted a ride to her nearby destination. Instead, Petitioner drove to Canby Park and stopped in the secluded location where Officer Delaney later discovered them. Petitioner asked C.W. how old she was, and she replied that she was seventeen. When asked why she lied to Petitioner, C.W. replied:
Because, like, when people always ask me my age, I always be like, I'm 17. They always be like, you look like you're 12, and I'm like, No, I'm 17.

While stroking C.W.'s face and legs, Petitioner offered C.W. a couple of dollars to engage in sexual activity, but she refused his advances. The police then arrived. (D.I. 9, App. to Appellant's Op. Br. in *Winters v. State,* No. 181, 2004, at Exh. A-18 to A-19.)

**\*2** Prior to jury deliberations, the Superior Court instructed the jury on the charge of sexual solicitation as follows:
In order to find the defendant guilty of sexual solicitation of a child, you must find that all of the following elements have been established beyond a reasonable doubt:
(1) the defendant requested a child, not yet 16 years of age at the time of the offense, to engage in a prohibited sexual

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                    Page 2
Slip Copy, 2006 WL 1788487 (D.Del.)
**(Cite as: Slip Copy)**

act;

(2) the defendant was 18 years of age or older at the time of the offense; and

(3) the defendant acted intentionally or knowingly.

(D.I. 11, at 4.) The trial court also instructed the jury, in accordance with Del.Code Ann. tit. 11, § 762, that "it is no defense that the defendant did not know the [victim's] age, or that the defendant reasonably believed that the [victim] had reached her 16th birthday." *Id.* The defense did not make any objection to either of the above instructions. The jury convicted Petitioner of sexual solicitation of a child, but acquitted him of the drug paraphernalia charge.

In April 2004, the Superior Court sentenced Petitioner to five years imprisonment at Level V, suspended after one year imprisonment for four years probation at Level III. The Delaware Supreme Court affirmed Petitioner's conviction and sentence. *Winters v. State,* 858 A.2d 961 (Table), 2004 WL 2050311 (Del. Sept. 8, 2004).

## II. APPLICABLE LEGAL PRINCIPLES

Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief for his claims under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997). However, if the petitioner exhausted state remedies, but the highest state court "clearly and expressly" refused to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51; *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*3** Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray,* 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Murray,* 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak,* 378 F.3d 333, 339-40 (3d Cir.2004).

## III. DISCUSSION

In Delaware, a defendant's failure to raise an objection at trial constitutes a waiver of the issue on direct appeal. Del.Super. Ct. R. 30; Del. Sup.Ct. R. 8; *Goddard v. State,* 382 A.2d 238, 242 (Del.1977). Pursuant to Delaware Supreme Court Rule 8 [FN1] and Delaware case law, the Delaware Supreme Court is barred from reviewing such waived issues unless the appellant establishes that the trial court committed plain error. If the error is plain, the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                    Page 3
Slip Copy, 2006 WL 1788487 (D.Del.)
**(Cite as: Slip Copy)**

Delaware Supreme Court will review the merits of the waived claim. Del. Sup.Ct. R. 8; *Jackson v. State*, 600 A.2d 21, 23 (Del.1991); *Mason v. State*, 658 A.2d 994, 996 (Del.1995); Del. Sup.Ct. R. 8; *Cooper v. State*, 679 A.2d 469 (Table), 1996 WL 313501, at \* \*2 (Del.1996); *Goddard v. State*, 382 A.2d 238, 242 (Del.1977). Plain error is "error so clearly prejudicial to substantial rights so as to jeopardize the fairness and integrity of the trial process ... [and is a] material defect which [is] apparent on the face of the record [and is] basic, serious, and fundamental...." *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986). This Court has consistently held that the Delaware Supreme Court's express application of the plain error standard of review constitutes an independent and adequate state procedural ground barring federal habeas review absent a showing of cause and prejudice. *See Johnson v. Carroll*, 327 F.Supp.2d 386, 393-94 (D.Del.2004) (collecting cases).

> FN1. Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."

In his sole habeas claim, Petitioner asserts that the United States Supreme Court's decision in *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994) renders Delaware's sexual solicitation statute unconstitutional because the statute lacks a scienter requirement as to the element of the victim's age. Petitioner presented the same claim to the Delaware Supreme Court on direct appeal, and he also argued that, due to the unconstitutionality of the solicitation statute, the Delaware Superior Court erred in failing to instruct the jury that the State had to prove Petitioner's scienter with respect to the victim's age.

**\*4** Both parties agree that Petitioner exhausted state remedies. Both parties also agree that Petitioner failed to raise this issue or object to the relevant jury instruction during his trial, and therefore, Petitioner properly presented the issue to the Delaware Supreme Court for review under the plain error standard. However, the parties disagree with respect to how the Delaware Supreme Court actually reviewed the claim. Respondents contend the Delaware Supreme Court enforced Petitioner's default by reviewing the claim only for

plain error, and therefore, federal habeas review is barred absent a showing of cause and prejudice. In contrast, Petitioner contends that the Delaware Supreme Court ignored his procedural default and reviewed the claim's full merits under the "interests of justice exception" to the plain error standard contained in Delaware Supreme Court Rule 8, as evidenced by the Delaware Supreme Court's failure to expressly cite to Rule 8. Accordingly, Petitioner asserts that the Court is not precluded from reviewing the instant claim.

In light of the parties' respective positions, the initial issue for the Court to determine is whether the Delaware Supreme Court's opinion contains an unambiguous or "plain statement" under *Harris v. Reed* that it enforced Petitioner's procedural default. *Harris*, 489 U.S. at 260-64; *see, e.g., Villot v. Varner*, 373 F.3d 327, 336 (3d Cir.2004) (explaining that "[i]f the state court does not actually enforce the procedural rule in question," the petitioner's procedural default in state court does not preclude federal habeas review). In Petitioner's case, the Delaware Supreme Court began its analysis by explaining that the plain error standard requires the "defect complained of [to] be so prejudicial to substantial rights that it jeopardizes the fairness and integrity of the trial process." *Winters*, 2004 WL 2050311, at \*1 (internal citations omitted). The state court then went on to explain that "an error is plain if it is so prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." *Id.* Finally, citing to *Wainwright v. State*, 504 A.2d 1096, 1100 (Del.1986), the state court explained that "[c]laims of error implicating constitutional rights of a defendant are reviewable not withstanding their nonassertion at trial." *Winters*, 2004 WL 2050311, at \*1.

Based on the Delaware Supreme Court's extensive discussion of the plain error standard, the Court does not agree with Petitioner's argument that the failure of the Delaware Supreme Court to cite Rule 8 indicates that the court ignored his procedural default. As noted by the United States Supreme Court, "[w]e encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest, but we will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim." *Coleman*, 501 U.S. at 738-39

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                    Page 4
Slip Copy, 2006 WL 1788487 (D.Del.)
**(Cite as: Slip Copy)**

(emphasis added). By thoroughly explaining the plain error standard and engaging in a limited discussion of Petitioner's *X-Citement Video* argument immediately thereafter, the Delaware Supreme Court "plainly stated" that the claim should be reviewed under the plain error standard. In these circumstances, the Court concludes that the absence of an express citation to Rule 8 is not determinative as to whether or not the Delaware Supreme Court reviewed the claim under the plain error standard.

**\*5** Petitioner also contends that the Delaware Supreme Court only rejected his argument after engaging in a full merits analysis of his claim, and therefore, the state court waived his procedural default. However, courts applying the plain error standard of review have recognized that some discussion of the merits of claim is necessary to the plain error analysis, and that this type of limited discussion is not the equivalent of a merits review. *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001) (recognizing a state court's "plain error review as the enforcement of a procedural default"); *Scott v. Mitchell,* 209 F.3d 854, 866-67 (6th Cir.2000) (stating that "plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not the equivalent to a review of the merits"); *see also Miranda v. Leibach,* 394 F.3d 984, 992 (7th Cir.2005). In this regard, the Seventh Circuit has explained:

In a similar vein, the Supreme Court recently has explained that, even if the state court's review in applying a procedural rule is "entangled" with the merits, that "entanglement" is not sufficient to compromise the procedural default. Rather, the state court's holding must depend[ ] on a federal constitutional holding in order to open it up for habeas review. Although a state court's review of whether an error is "plain" often entails at least limited review of the merits, that limited review is at most entangled with the merits and certainly not dependent on the merits.

*Rodriguez v. McAdory,* 318 F.3d 733, 736 (7th Cir.2003) (internal citations omitted).

Reviewing the Delaware Supreme Court's analysis in light of these principles, the Court concludes that the Delaware Supreme Court engaged in only a limited analysis of Petitioner's claim so as to determine if the error alleged by Peti-

tioner constituted a plain or "material defect [ ] apparent on the face of the record." *Wainwright,* 504 A.2d at 1100. For example, the Delaware Supreme Court determined, in a cursory manner, that the factual circumstances in Petitioner's case differed significantly from the factual scenario in *X-Citement Video* that the First Amendment principles articulated in *X-Citement Video* "simply" did not apply, and that Petitioner's reliance on *X-Citement Video* was "misplaced." *Winters,* 2004 WL 2050311, at\* \*2. In the Court's view, these statements demonstrate that the Delaware Supreme Court did not invoke what Petitioner terms "the interests of justice" exception to Rule 8. In other words, the Delaware Supreme Court did not view Petitioner's claim as requiring a full merits review. Accordingly, the Court concludes that, for the purposes of federal habeas review, Petitioner's claim is procedurally defaulted.[FN2]

> FN2. In reaching this conclusion, the Court notes that it would be inclined to review Petitioner's claim substantively; however, the Court's review is constrained by the manner in which the Delaware Supreme Court reviewed Petitioner's claim. Because the Delaware Supreme Court engaged in a plain error review of Petitioner's claim, the Court's review of Petitioner's claim is limited to the procedural default analysis.

Having concluded that Petitioner's claim is procedurally defaulted, the Court must determine whether Petitioner has established cause and prejudice or a miscarriage of justice such that a full review of the merits of his claim is warranted. Petitioner does not allege any cause for his failure to raise the instant claim during his trial. In the absence of cause, the Court will not address the issue of prejudice. Further, because Petitioner has not presented new reliable evidence regarding his actual innocence, the Court concludes that review of Petitioner's claim is not necessary to prevent a miscarriage of justice. Accordingly, the Court will deny the Petition as procedurally barred.

### IV. CERTIFICATE OF APPEALABILITY

**\*6** When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appel-

Westlaw.

Slip Copy                                                                                                Page 5
Slip Copy, 2006 WL 1788487 (D.Del.)
**(Cite as: Slip Copy)**

late Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would debate: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 does not warrant relief. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be dismissed and the relief requested therein will be denied.

An appropriate Order will be entered.

D.Del.,2006.
Winters v. Williams
Slip Copy, 2006 WL 1788487 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04CV01361 (Docket) (Oct. 15, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
James G. TRUMP, Sr., Petitioner,
v.
Richard KEARNEY, Warden, Respondent.
No. Civ. 01-109-KAJ.

Nov. 14, 2003.

James G. Trump, Sr., pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 Following a jury trial in the Delaware Superior Court, the petitioner, James G. Trump, Sr. was convicted of fifteen counts of first degree unlawful sexual intercourse. He is presently incarcerated in the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Trump has filed with the Court a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (D.I.1.) For the reasons set forth below, the Court will dismiss Trump's petition. (D.I.1.)

II. PROCEDURAL AND FACTUAL BACKGROUND

In 1990, Trump moved into Susan Jones' apartment, and within three or four weeks he began having oral sex with Jones' nine-year old daughter, Dalya.[FN1] He resided with Susan and Dalya intermittently until 1996. During this six year period, Trump was imprisoned on other charges at the Delaware Correctional Center from August 29, 1991 to January 1993. He was then transferred to the Morris Correctional Center on Level IV work release confinement from January 1993 until January 1994.

FN1. The facts are recited from Trump v. State, 753 A.2d 963 (Del.2000). The Delaware Supreme Court used pseudonyms for the child and her mother. See Del.Supr. Ct. R. 7(d).

Upon his release in January 1994, Trump returned to Jones' apartment and resumed performing oral sex with Dalya. When Dalya turned twelve years old, Trump began having vaginal intercourse with her on a continuing basis.

When Dalya was thirteen, she told her mother what was happening with Trump. Dalya later recanted her accusations because Trump bought her a stereo and bedroom furniture. Dalya testified at trial that the sexual relations with Trump continued until she was fifteen years old. After Trump left the residence for good in July 1996, Dalya told her mother about what had happened. Dalya's mother notified the police. Trump was indicted on twenty-four counts of unlawful sexual intercourse in the first degree.

At trial, Dalya's testimony was somewhat imprecise, but she was subjected to impeachment through cross-examination. Dalya's testimony was not corroborated by medical evidence. However, the State presented the testimony of Trump's co-worker, Lyons, who testified that Trump admitted to him that he had sexual relations with Dalya. Trump denied Dalya's accusations and Lyons' testimony.

The jury convicted Trump of fifteen counts of unlawful sexual intercourse in the first degree, and acquitted him of the remaining nine counts. Trump was sentenced to two hundred and twenty five years imprisonment.[FN2] He filed a motion for judgment of acquittal, which the Delaware Superior Court denied.

FN2. The length of the sentence is set forth in Trump's § 2254 petition.

Trump appealed his conviction and sentence, alleging: 1) the prosecutor's closing argument contained improper vouching; 2) the trial court's admission of evidence regarding prior uncharged sexual acts was prejudicial; 3) the trial court erred in permitting the State to cross-examine him about his statement to police that he intended to lie in a family court proceeding; and 4) there was insufficient evidence to support his conviction. Trump v. State, 753 A.2d 963 (Del.2000). The Delaware Supreme Court affirmed Trump's conviction and sentence. Id.

*2 Trump filed a motion for post-conviction relief in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

September 2000. In January, 2001, Trump filed letters with the Delaware Superior Court asking it to dismiss without prejudice his post-conviction motion. The Superior Court granted that request and took no further action on Trump's motion for post-conviction relief. (D.I.3, Ex. A.)

### III. GOVERNING LEGAL PRINCIPLES

#### A. Standard of Review

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When the petitioner is in state custody pursuant to a state court judgment, and the claims asserted in the habeas case were previously adjudicated in state court on the merits, then a federal court cannot grant a writ of habeas corpus unless it finds that the state court decision either: (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

The Third Circuit requires federal courts to utilize a two-step analysis when applying the § 2254(d)(1) standard. *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) (en banc); *see also Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001). The first step requires federal courts to identify the applicable United States Supreme Court precedent and then determine whether the state court decision is contrary to that clearly established Supreme Court precedent. *Matteo,* 171 F.3d at 888. "Relief is appropriate only if the petitioner shows that the 'Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.' " *Werts,* 228 F.3d at 197 (quoting *O'Brien v. Dubois,* 145 F.3d 16, 24-25 (1st Cir.1998)).

If the federal court concludes that the state court adjudication is not contrary to the Supreme Court precedent, the court must then determine whether the state court judgment rested upon an objectively unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *Id.* at 880. This analysis involves determining "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted." *Id.* at 891. Moreover, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." *Id.* at 890.

#### B. Exhaustion and Procedural Default

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

**\*3** (A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). If the petitioner raised the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

(citations omitted).

A petitioner fairly presents a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are substantially equivalent to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). Generally, the petitioner must present the factual and legal substance of the federal claim to the state courts "in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999).

Fair presentation also requires that the claim be raised in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). However, provided that the petitioner did, in fact, fairly present the federal claim to the state's highest court, the exhaustion requirement is satisfied even if the state court did not actually consider or discuss the federal issue. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude a petitioner from seeking further relief in state courts. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

**\*4** Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

The cause and prejudice exception to the procedural default

doctrine is two-pronged. As such, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

## IV. DISCUSSION

Trump asserts four claims in his habeas petition: 1) there was insufficient evidence to support his conviction; 2) the state court erred by admitting evidence of prior uncharged oral sex with Dalya; 3) the trial court violated Trump's constitutional right to a fair trial by permitting him to be cross-examined about an "irrelevant" Family Court proceeding; and 4) during closing argument, the prosecutor improperly vouched for Dalya's testimony. (D.I.s 1, 2.)

The State correctly acknowledges that Trump exhausted state remedies for claims one, two, and four. The State contends, however, that the claims two and four are procedur-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

ally barred from federal habeas review on an independent and adequate state ground. The State also asserts that the state court adjudication of claims one and three do not provide a basis for federal habeas relief under § 2254(d). (D.I.19.) Trump's federal habeas petition is now ripe for review.

### A. Claims Two and Four are Procedurally Barred on an Independent and Adequate State Law Ground

**\*5** Trump exhausted state remedies by raising claims two (prior uncharged oral intercourse with Dalya) and four (improper vouching) in his direct appeal. However, during the actual trial, Trump failed to object to the prosecutor's allegedly improper vouching during his closing argument and he did not object to the admission of testimony regarding the prior uncharged sexual acts.[FN3] In Delaware, a defendant must timely object during the actual trial to improper statements made during closing arguments or to the admissibility of evidence in order to preserve the right to raise these issues on appeal. *Mason v. State,* 658 A.2d 994, 996 (Del.1995); *Robertson v. State,* 596 A.2d 1345, 1356 (Del.1991); *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986). Failing to object to these alleged errors constitutes a waiver of a defendant's right to raise the issues on appeal, and the appellate court is thereafter limited to reviewing the alleged errors for plain error. *Mason,* 658 A.2d at 996; *Wainwright,* 504 A.2d at 1100.

> FN3. Although Trump's trial attorney initially objected to the admission of testimony regarding the prior uncharged sexual acts, he later rescinded the objection after hearing the prosecution's reason for such testimony. *Trump v. State,* 753 A.2d 963, 966, 970 (Del.2000).

In the present case, the Delaware Supreme Court clearly explained that it could only review the claims regarding uncharged prior sexual acts and improper evidence for plain error. *Trump,* 753 A.2d at 966 n. 4, 970-71 n. 35. The state supreme court's review of these claims for plain error constituted a plain statement under *Harris v. Reed,* 489 U.S. 255, 23-65 (1969) that it invoked Rule 8 of the Delaware Supreme Court Rules.[FN4] This Court has consistently held that Delaware Supreme Court Rule 8 is an independent and

adequate state ground precluding federal habeas review. *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 452-54 (D.Del.1998); *Lazano v. Snyder,* 1996 WL 484832, at \*4 (D.Del. Aug. 12, 1996). Moreover, the Delaware Supreme Court's review under the plain error standard was completely grounded on Delaware law. As such, this Court cannot provide federal habeas review of these claims unless Trump can establish cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to review these claims. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

> FN4. Supreme Court Rule 8 provides that "only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any questions not so presented."

Trump does not allege, nor does the record reveal, any cause for his failure to object to the prosecutor's allegedly improper vouching during trial or for his own express waiver of any objection to the evidence regarding uncharged oral intercourse with Delya. Because Trump does not allege cause, the Court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Moreover, Trump has not alleged that a miscarriage of justice will result if the Court refuses to hear these claims. Accordingly, claims two and four are procedurally barred and do not provide a basis for federal habeas relief.

### B. Claim One: Insufficient Evidence

The Delaware Supreme Court reviewed Trump's insufficiency of evidence claim on the merits. As such, the Court must determine whether the Delaware Supreme Court's adjudication of this claim was either contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

**\*6** The "clearly established federal law" governing insufficiency of evidence claims is *Jackson v. Virginia,* 443 U.S.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                          Page 5
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

307 (1979). Pursuant to *Jackson,* a reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319. This standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* 324 n. 16; *see Orban v. Vaughn,* 123 F3d 727, 731 (3d Cir.1997). Further, the reviewing court must draw all reasonable inferences from the evidence in favor of the prosecution and presume that the jury resolved all doubts based on conflicting evidence in the prosecution's favor. *See Wright v. West,* 505 U.S. 277, 296-97 (1992) (citing *Jackson,* 443 U.S. at 326).

Under the applicable Delaware law at the time of Trump's trial, a person was guilty of unlawful sexual intercourse in the first degree if: 1) the defendant had sexual intercourse with the complainant; 2) the complainant was less than sixteen years old; 3) the complainant was not the defendant's voluntary social companion; and 4) the defendant's conduct was intentional.[FN5] A person younger than sixteen could not be considered the "voluntary social companion" of someone exercising care or custody over that child. *See* 11 Del. C. Ann. § 761(h) (revised and redesignated in 1998 to § 761(i), (j)).[FN6]

> FN5. This definition is taken from *Trump v. State,* 753 A.2d at 974 n. 50, 51 (citing to 11 Del. C. § 775(a)(4) (repealed 1998)).

> FN6. The conduct that was formerly considered Unlawful Sexual Intercourse in the First Degree is now illegal under § 773 and does not contain the term "voluntary social companion." 11 Del. C. Ann. § 773(a)(6).

At Trump's trial, Dalya testified that Trump had sexual intercourse with her from the time she turned twelve until she turned fifteen. These acts occurred while Trump was living with Dalya and her mother. The State also presented the testimony of Lyons, Trump's co-worker, who testified that Trump told him that he was having sex with Dalya at night. *Trump,* 753 A.2d at 965.

Dalya's testimony alone was sufficient to establish the essential elements of unlawful sexual intercourse in the first degree. *See Hammond v. Snyder,* 2000 WL 1239993, at *4 (D.Del. Aug. 23, 2000). First, Dalya's testimony was sufficient to establish, beyond a reasonable doubt, that the sexual intercourse actually occurred. *See Paullet v. Howard,* 634 F.2d 117, 118 (3d Cir.1980); *Hammond,* 2000 WL 1239993, at *4 (D.Del. Aug. 23, 2000); *Jones v. Snyder,* 1999 WL 33220030, at *3 (D.Del. May 4, 1999). Lyons' testimony provided additional evidence that such sexual intercourse did actually occur.

Second, Dalya's testimony regarding the frequency of the sexual intercourse could lead the jury to reasonably conclude that Trump had the requisite intent to engage in such acts. *See Jones,* 1999 WL 33220030, at *3 (citing *Getz v. State,* 538 A.2d 726, 733 (Del.1998)). Finally, Dalya testified that the acts of unlawful sexual intercourse occurred while she was less than sixteen years old. Trump, Dalya, and Dalya's mother all testified that Trump paid the rent and also provided money to lease furniture during the period of his co-habitation with Dalya and her mother. Given Dalya's age during the continuing offense and Trump's financial support, a rational jury could easily have found that Dalya was not Trump's voluntary social companion. *See* 11 Del. C. Ann. § 761(h)(revised and redesignated in 1998 to § 761(i), (j)).

*7 In short, viewing both Dalya's and Lyons' testimony in a light most favorable to the State, the Court concludes that a rational jury could reasonably conclude that Trump intentionally engaged in sexual intercourse with a child under sixteen years old who was not his voluntary social companion.

Trump appears to challenge the sufficiency of the evidence on three theories. First, he points to the lack of medical evidence and the lack of witnesses. However, under both Delaware and federal law, a rape victim's uncorroborated testimony is sufficient to support a conviction, even without medical evidence. *Styler v. State,* 417 A.2d 948, 950 (Del.1980); *Collazo v. State,* 719 A.2d 947, at *2 (Del.1998); *Hammond,* 2000 WL 1239993, at *4; *Paullett,* 634 F.2d at 118.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                        Page 6
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Second, Trump challenges Dalya's credibility by pointing to the fact that she admitted to falsely accusing her biological father of engaging in unlawful sexual intercourse. However, credibility determinations are solely within the province of the factfinder. *Jackson,* 443 U.S. at 319. "A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. Here, the jury was presented with Dalya's admission that she falsely accused her biological father of the same offense. The jury resolved any negative inference gleaned from such a fact adversely to Trump, and this Court must defer to that resolution.

Finally, Trump asserts that he was in jail "at one point [when] the victim claimed she was raped by petitioner." (D.I.2 at 5.) To support this contention, Trump attached to his habeas petition counts nine through sixteen of the indictment, which, taken as a whole, allege unlawful sexual intercourse from April 1994 through November 1994. (D.I. 3 at Ex. D.)

The Court interprets Trumps argument to be that he could not have engaged in unlawful sexual intercourse from April 1994 through November 1994 because he was in jail during this time. This contention is clearly refuted by the record. At trial, both the defense and prosecution questioned Trump about his period of incarceration. The State also presented the testimony of a person in charge of the state prison records, and the defense cross-examined this individual. Interpreting the testimonies in the broadest possible way, Trump was incarcerated at varying levels from August 29, 1991 through March 8, 1994. Nobody testified that he was incarcerated from April 1994 through November 1994. (D.I. 38, Transcript of Trial Record, July 8 & 9, 1998, at 8-46.) In fact, Trump actually testified that he was released in March 1994. (D.I. 38, Transcript of Trial Record, July 7, 1998 at 53.) Thus, the Court concludes that Trump's present assertion is without merit.

In short, the Court concludes that the Delaware Supreme Court's rejection of Trump's challenge to the sufficiency of the evidence was neither contrary to, nor an unreasonable application of, clearly established federal law. Con-

sequently, this claim does not provide a basis for federal habeas relief.

### C. Claim Three is Procedurally Barred

*8 Trump asserts that the trial court committed reversible error by permitting him to be cross-examined about an "irrelevant" family court proceeding. (D.I.s 1, 2.) He contends that the State should not have been permitted to attack his credibility by eliciting his testimony regarding his intent to lie in a custody suit in Family Court. (D.I. 2 at 11, 12.) Trump asserts that this cross-examination deprived him of his constitutional right to a fair trial. (*Id.*)

Because Trump failed to present this evidentiary claim to the Delaware Supreme Court as a federal claim, he did not exhaust state remedies. *See McCandless,* 172 F.3d at 261; *Duncan v. Henry,* 513 U.S. 364, 366 (1995)("If a habeas petitioner wishes to claim a that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). A review of Trump's appellate brief reveals that he presented this claim as a violation of state evidentiary rules, merely stating that the matter on which he was cross-examined was "irrelevant" and that such cross-examination violated Rule 608(b) of the Delaware Rules of Evidence. (D.I. 22, Appellant's Op. Br. in No. 534, 1998, at 14-16.) Moreover, the Delaware Supreme Court analyzed the issue in terms of state law, illustrating that it, too, interpreted the claim as only alleging a violation of D.R.E. 608(b). *See Trump,* 753 A.2d at 972-73.

This claim is deemed exhausted, however, because Delaware Superior Court Rule 61(i) bars Trump from seeking further post-conviction relief in the state courts. First, the three-year time period for filing a motion for post-conviction relief has expired.[FN7] Del.Super. Ct.Crim. Rule 61(i)(1). Second, because Trump did not raise this claim on direct appeal, Rule 61(i)(3) precludes him from presenting it to the state courts unless he demonstrates cause and prejudice. Del.Super. Ct.Crim. R. 61(i)(3). Finally, Rule 61(i)(5) does not render either bar inapplicable because Trump has not alleged a right newly recognized after his appeal. Del.Super. Ct. R. 61(i)(5); *see Boyd v. Garraghty,* 202 F.Supp.2d 322, 331 (D.Del.2002).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



FN7. Trump's conviction became final for purposes of the Rule 61 filing period on June 9, 2000, the date the Delaware Supreme Court affirmed Trump's conviction. *See Jackson v. State,* 654 A.2d 829 (Del.1995). Consequently, Trump had to file any motion for post-conviction relief by June 9, 2003.

Although deemed exhausted, this claim is still procedurally defaulted. As such, this Court cannot review Trump's evidentiary claim absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the Court refuses to review the claim. *See McCandless,* 172 F.3d at 260; *Coleman,* 501 U.S. at 750-51.

Trump has not alleged, and the record does not reveal, any cause for his failure to present this evidentiary claim in federal terms to the Delaware Supreme Court. Because Trump has not demonstrated cause, the Court need not determine if he will suffer actual prejudice. *See Coleman,* 501 U.S. at 752. Moreover, Trump has not alleged that he is actually innocent, and therefore has not alleged that a fundamental miscarriage of justice will result from failure to review this claim. In short, federal habeas review of this claim is unavailable.FN8

FN8. Even if Trump had exhausted state remedies, this claim is without merit. Both federal and state cases interpreting Rule 608 permit specific instances of conduct to be used to impeach a witness' character for truthfulness. *See* Fed.R.Evid. 608(b); D .R.E. 608(b); *United States v. Abel,* 469 U.S. 45, 55 (1984); *United States v. Davis,* 183 F.3d 231, 257 (3d Cir.1999); *Weber v. State,* 457 A.2d 674, 680 n. 8 (Del.1983). Because the case against Trump hinged on conflicting testimony, it was appropriate for the jury to hear evidence enabling it to make credibility determinations. *See Trump,* 753 A.2d at 973. The cross-examination regarding Trump's statement to the police that he intended to "tell the Family Court that he was the natural father of a child despite knowing that he was not the father," *Trump,* 753 A.2d at 972, was relevant to Trump's character for truthfulness or untruthfulness. As such, Trump's claim that the trial court's

evidentiary error violated his "constitutional right to a fair trial" does not warrant federal habeas relief.

### V. Certificate of Appealability

**\*9** Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Trump's insufficiency of evidence claim does not provide a basis for federal habeas relief, and that federal habeas review of claims two, three, and four is procedurally barred. Reasonable jurists would not find these conclusions unreasonable. Consequently, Trump has failed to make a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

### VI. CONCLUSION

For the foregoing reasons, the Court concludes that Trump's insufficiency of evidence claim does not provide a basis for federal habeas relief. The Court also concludes that federal habeas review of Trump's remaining claims is procedurally

Westlaw.

Not Reported in F.Supp.2d                                                Page 8
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

barred. Furthermore, the Court finds no basis for the issu-
ance of a certificate of appealabilty. An appropriate order
shall issue.

### ORDER

For the reasons set forth in the Memorandum Opinion is-
sued this date, IT IS HEREBY ORDERED that:
1. James G. Trump, Sr.'s petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 (D.I.1.) is DENIED.
2. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2003.
Trump v. Kearney
Not Reported in F.Supp.2d, 2003 WL 22769598 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:01CV00109 (Docket) (Feb. 15, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.