In the United States District Court for the District of Delaware

Andre R. Thomas
    Petitioner

Ca.No. 06-314-JJF

V.

Thomas L. Carroll, Warden
    Del. Corr. Center



Memorandum in law support of writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2254 and petitioner's reply to respondent's answer in accordance with Rule 5.28 U.S.C. toll Sec. 2254.

Now, comes Andre R. Thomas, respectfully moves this Honorable Court pursuant to 28 U.S.C. Sec 2254, to grant petitioner relief.

The bars to relief under Rule 61 not only apply to issues that were raised during appeal, they also apply to issues that should have been raised on appeal unless the convicted petitioner demonstrates "A colorable claim that there was a miscarriage of Justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgement of conviction".

Petitioner has in Superior Court, Supreme Court, and now this court invoke Rule 61 (I) (5) to by-pass Rule 61 (I) (3)'s procedural bars; petitioner has raised a colorable claim that there was a miscarriage of justice, and that miscarriage of justice was caused by a constitutional violation.

This violation not only involved a mistake, it undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to his conviction.

To establish prejudice, a petitioner must show "not merely that the errors at this trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, effecting his entire trial with error of constitutional dimensions".

Petitioner has established that the issues raised has fundamentally undermined his convictions, and the courts only are interested in mistakes that are so substantial they call into question whether petitioner is innocent or, at least, whether his conviction was wrong.

Petitioner can demonstrate cause and prejudice and fundamental miscarriage of justice, and the nature of petitioner's claims render them exempt from the procedural bar rule, see: Zapata V. Estelle. 5988 I.2d 1017.1021 (5th Cir. 1979) his claim can be heard in Federal Court habeas corpus, the states court erroneously applied procedural bar to a substantive due process claim. A Federal Court may still review the merits of the defaulted claim if the petitioner can demonstrate that the default is excused.

"Procedural default is excused if petitioner demonstrates cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." See: Boyd v. Thompson. 147.F.3d.1124.1126 (9th Cir. 1998) also see: coleman.501 U.S. at 750.111 S.Ct. 2546)

Exhibit's Attached:
A.) Psychological Evaluation by Alvin L. Turner Ph.D dated 8/20/99
B.) Trial Transcript dated 7/18/00
C.) Letter from Trial court to officer of Court inquirring of (1) missing Evidence + her response
D.) Docket Sheet page's 12+13

At least one circuit has held that in addition to meeting the cause/prejudice or miscarriage of justice exceptions, a federal habeas petitioner may also over come procedural bars if circumstances dictate that the very nature of petitioner's claims render it exempt from procedural bar. See: Sena V. N.M. State Prison. 109F3d 652.654 (10th Cir. 1997).
In this case, these claims show a miscarriage of justice. Because of a constitutional violation that undermine the fundamental legality, reliability, integrity or fairness, ending to the judgment of conviction. See: Supr. Ct. Crim. R. 61 (1) (5).
Any barring of these issues may have the unintended consequence of supporting the state prosecution's perverse effect of manipulating procedure rules to avoid addressing meritorious issues.
The unavailability of Appellate Review by the Delaware State Supreme Court leaves petitioner with no state "Court of Last Resort".
As a result, this court may consider, relieving the petitioner from any procedure or time bars and "expand the record" to consider addressing this matter pursuant to Superior court Crim.R.61 (q) (I). The substantial rights affected are petitioners right to due process under Article 1. Sec. 7 of the Constitution of the State of Delaware.
Prosecutor misconduct is cognizable in Federal Habeas Corpus.
The appropriate standard of review is the narrow one of due process and not the broad exercise of supervisory power. See: Darden V. Wainright. 477 U.S. 168.181.106 S. Ct. 2464.91 L.Ed.2d 144 (1986).
Petitioner's due process rights are violated when a prosecutors misconduct renders a trial "Fundamentally Unfair" Id; Smith V. Phillips. 455 U.S. 209.219.102 S.Ct 940.71 L.Ed 2d 78 (1982). (The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the capability of the prosecutor. Petitioner compels this court to review the prosecuting attorney's on the record r4easoning process. After an officer of the court contradicts everything the prosecuting attorney said on the record by identifying evidence that was intentionally withheld by the Attorney General. See: Exhibit ( ) (C) Letter from officer of Court dated 8/10/2000
Petitioner presented these claims to the Delaware Supreme Court as both a violation of state law under the Delaware Superior Court Criminal Rules, and as a violation of his Federal constitutional Right.
The Delaware Supreme Court decided these claims in terms of state evidentiary law, constituting adjudication on the merits for purposes of 2254 (d)(1). For the purposes of Federal Habeas review under the AEDPA see: Dye V. Hofbauer . 126.S.Ct.5.7. (2005) finding that petitioner presented a Federal claim to the state courts because his state appellate brief cited fifth and fourteenth amendments, and therefore, the court must determine whether the Delaware Supreme Court's decision was contrary to, or an unreasonable application of clearly established Federal Law. See: Rompilla. 335 I.3d at 247.
This erroneous evidentiary ruling rises to the level of a constitutional violation because this error deprived petitioner of a fundamentally fair trial. See: Chambers V. Mississippi. 410 U.S. 284 302-03 (1973).
Because a federal court may not independently review the merits of a state court decision without first applying the antiterrorism and effective death penalty act (AEDPA) standards, a Federal Court may not grant an evidentiary hearing without first determining

whether the state court's decision was an unreasonable determination of the facts. 28 U.S.C.A. 2254(d).

The state's fact finding procedure is deemed "unreasonable" which means that the state's factual findings are not binding of Federal Habeas Corpus. See: Taylor V. Maddox, 366 F.3d 992 1001 (9th Cir. 2004).

Pursuant to a Traverse Request, Petitioner asks for an evidentiary hearing.

Petitioner is entitled to an evidentiary hearing on Federal Habeas claim if he can show that: (1) Merits of factual dispute were not resolved in state hearing; (2) State factual determination is not fairly supported by the record as a whole; (3) Fact finding procedure employed by state court was not adequate to afford full and fair hearing; (4) There is substantial allegation of newly discovered evidence; (5) Material facts were not adequately developed at state court hearing; or (6) For any reason it appears that state trier of fact did not afford petitioner full and fair hearing. 28 U.S.C.A. 2265(d).

District Court should grant evidentiary hearing when Federal Habeas petitioner establishes a colorable claim for relief, by alleging specific facts which, if true, would entitle him to relief, and petitioner has never been afford a state or federal hearing on such claim. See: Earp V. Oronski. 431 F.3d 1158.1167 (9th Cir. 2005) citing Townsend V. Sain, 372 U.S. 293 (1963) and Keeney V. Tamayo Reves. 504 U.S. 1.5. (1992).

Under AEDPA, petitioner has developed the facts in state court, correctness to the facts has not been found therefore, and those facts are rebutted by clear and convincing evidence. See: Exhibit - A + D

No AEDPA deference is due where the state has made an "unreasonable" determination of the facts, and "where a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts". Taylor V. Maddox .366 F.3d 992.1001 (9th Cir. 2004).

Petitioner agrees that respondent's "standard of review" contains an accurate summary of the governing law regarding the deference due under the AEDPA to state court adjudications on the merit.

On the other hand, respondent omits entirely from its discussion what may be the most important standard of review to be considered at this juncture in the litigation – the standard this court must apply in deciding whether or not to grant petitioner an evidentiary hearing on one or more of the habeas corpus claims.

Claims for Relief

Pursuant to Rule 61 (I) (5) bars inapplicable. The bars to relief in paragraphs (1), (2) and (3) of this subdivision shall not apply to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermine the fundamental legality, reliability, integrity or fairness of the proceedings leading to the Judgment of Conviction. As documented and part of the record in this case, complaints against trial judge and prosecutor alleging improper conduct, that was confirmed by an officer of the court, Diane Clark Street attorney. Support's an evidentiary hearing and a colorable claim that there was a miscarriage of justice. See: Exhibit - C

Judges are bound to conduct themselves in an ethical manner and to adhere to a code of judicial conduct. Trial court violated canons of the numbers one, two, three and allow prosecutor to violate ethical standard, without subjecting him to discipline.

Cleary contradictory and erroneous application of law, and giving the appearance depriving petitioner of a determination of the merits of the claims and using his position as a cloak over due process and standards of justice.

Preventing a petitioner from fairly adjudicating constitutional violations, establishing major cause for an evidentiary hearing and federal review.

Ground One

Clearly a mandated issue. That due process required judicial determination of competence in every case in which there is reason to doubt the defendant's competence to stand trial. Title 18 U.S. C. & sec. 4241 has a mandatory process.

The steps in that process are intended to culminate in a record base hearing not an opinion.

Whether a hearing is required is therefore not susceptible to generalized concepts or theories, but must be base upon the facts of the particular case. See: U.S. V. Veatch. 674 F 2d 1217 (9th cir. 1981).

Failure to observer procedures adequate to protect petitioner's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.

Factual determinations by the state court are entitled to a presumption of correctness where those findings are evidenced by a written record and arrived at following a "full, fair and adequate hearing" 28 U.S.C. & 2254 (d) and (d)(6).

Because neither requirement has been satisfied in this case, this court is not in fact constrained by the state court's conclusion.

Even if the state court's decision to proceed to trail could be construed as an implicit finding of competency, see: United States V. Crews, 781F2d 826,833 (10th Cir. 1986), such a finding did not result from a full, fair, and adequate hearing pursuant to 28 U.S.C. & 2265 (d)(6).

If evidence exists, see: Exhibit ( A ) which creates a genuine, reasonable doubt about the defendant's competence, the court must hold a hearing to resolve the doubt. Id. At 385.865 ct. at 842; Coleman. 912 F2d at 1226.

Furthermore, once doubt is raised, the court cannot dispel it simply by relying on contrary evidence. See: Blaza V. Ricketts, 1.F3d. 891.898 (9th cir. 1993).

The protections of an adversary proceeding must be afforded the defendant. See: Eskridge V. U.S. 443 F. 2d 440, 442 (10th Cir. 1971).

Though the state court had received a report indicating petitioner's marginally competence to stand trial, his competence was not determined in the crucible of a full-blown evidentiary hearing at which defense's counsel could have subjected the report to the test of cross-examination. Furthermore, the report itself underscored the element of doubt by hedging its conclusion and recommending further treatment.

Ground Two

Petitioner was deprived of his sixth amendment right to counsel at a critical stage of the prosecution by reason of trial court's failure to appoint counsel to advise petitioner as to the existence of, and meaning and significance of, and consequences of, a plea agreement proffered by the prosecution for a recommended sentence of 3 to 6 years incarceration. On the first day of trial the prosecuting attorney for the state, did in fact, place for the records of the trial court a proposed plea agreement, which recommended a sentence of 3 to 6 years incarceration. See: Exhibit ( B ).
However, there is no indication in the court record as to whether, or in what way, the prosecutions proposed plea agreement was presented to the petitioner. The court did not undertake any inquiry of the petitioner as the whether he had been made aware of the proposed plea agreement or understood the meaning and effect of said plea agreement. The court did not offer to appoint, counsel, or alternative back-up counsel for the sole purpose of advising petitioner with regard to the plea agreement, the court, may have abused its discretions in this matter. This is an unusual matter and no decision by the court on the merits will continue to leave the petitioner with no state " Court of Last Resort" to review mistakes made concerning the integrity of the plea negotiation process of an uncounseled petitioner.
Bars inapplicable, unavailability or review in the trial court and on appeal, this issue must not be barred. They should be considered in the "Interest of Justice" pursuant to Rule 61 (I)(5). A miscarriage of justice, any barring of those issues may have the unintended consequence of supporting the state prosecution's perverse effect of intimidating the uncounseled.
Furthermore, the state prosecution has an obligation that was for seeable to the consequence complained of, and that the state is fully in control of, this claim shows a miscarriage of justice, because of a constitutional violation that undermine the fundamental legality, reliability, integrity or fairness ending to the judgment of conviction see: Super. Ct. Crim. R. 61 (I)(5).

Ground Three

The prosecution withheld evidence in violation of Brady V. Maryland. 373 U.S. 84 S. Ct. 1194 10 L. Ed. 215 (1963). To establish a Brady violation: petitioner must show that; (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; (3) the evidence was material to the defense. See: Fero V. Kerby. 39I.3d 1462, 1472 (10th Cir. 1994)  see Exhibit ( C ).
During the trial, the prosecutor repeatedly and consistently confessed his inability to locate missing surveillance tape, however, in response to an inquiry from motion for a new trial concerning this missing evidence, an officer of the court, Attorney Diane Clark Street said she had actually viewed the missing evidence and identify activity near a hotel lobby front desk involving a woman (not a hotel employee). Thus, the first element of Brady violation is established. The second element of Brady violation, the record indicated that defense had announced his intention to prove that the hotel front desk clerk had given petitioner's room key out to someone other that petitioner and that individual was on the missing evidence, which arguably supported petitioner's defense that there was other individuals in his room before the police arrived. Thus, the second element of a Brady violation is established.

(5)

Materiality is the third requirement of a Brady violation. Evidence is material only if there is a reasonable probability that had that evidence been disclosed to the defense, the result of the proceeding would have been different. U.S. V. Bagley, 473 U.S. 667 S. Ct. 3373. 383-87. L.Ed 2d 481 (1985).

This case demonstrates many constitutional violations both state and federal, which essentially waived my right to a fair trial.

Date: 9/12/06

Respectfully submitted,

*Andre R. Thomas*
Pro Se. Andre R. Thomas

## Proof of Service

I certify that on Sep. 12, 2006, I mailed memorandum in Law and petitioner's reply, via First Class mail to the following parties at the addresses listed below:

Office of the Clerk
Peter T. Dalleo
District Court of Del.
844 King Street, Lockbox 18
Wilm, Del 19801

Elizabeth R. McFarlan
Deputy Atty General
820 N. French St
Wilm, Del 19801

I certify that these documents were given to prison officials in Sep. 12, 2006. for forwarding to the above listed parties. I certify under penalty of perjury that the forgoing is true and correct 28 U.S.C. 1746.

9/12/06

Andre R. Thomas
1181 Paddock Rd
Smyrna, Del 19977

I/M Kudre R. Thomas
SBI# 138598 UNIT 21
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
Peter T. Dalleo
District Court of Delaware
844 King Street, Lockbox 18
Wilmington, Delaware 19801

# THIS DOCUMENT WAS FILED UNDER SEAL