IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANDRE R. THOMAS,                    :
                                    :
        Petitioner,                 :
                                    :
v.                                  :   Civil Action No. 06-314-JJF
                                    :
THOMAS CARROLL, Warden, and         :
JOSEPH R. BIDEN, III,               :
Attorney General of the State       :
of Delaware,                        :
                                    :
        Respondents.[1]             :

---

Andre R. Thomas. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

August __, 2007
Wilmington, Delaware

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition II") filed by Petitioner Andre R. Thomas ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that Petition II does not warrant federal habeas relief.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 25, 2000, a Delaware Superior Court jury convicted Petitioner on three counts of first degree reckless endangering, possession of a firearm during the commission of a felony, possession of a deadly weapon by a person prohibited, and two counts of criminal mischief. The Superior Court sentenced Petitioner to an aggregate term of 35 years in prison, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. See State v. Thomas, 2000 WL 33113941, at *1-2 (Del. Super. Ct. Oct. 27, 2000); Thomas v. State, 2002 WL 2433375, at *1 (Del. Feb. 15, 2002).

In February 2003, Petitioner filed an application for federal habeas relief ("Petition I") asserting six grounds for relief: (1) Petitioner's waiver of his right to be represented by counsel was not knowing, voluntary, or intelligent because of his "documented mental illness," thereby violating his Sixth Amendment Right to Counsel; (2) during the hearing on Petitioner's motion to represent himself at trial, Petitioner's

1

court-appointed counsel provided ineffective assistance by failing to produce evidence regarding Petitioner's mental illness; (3) the trial court's failure to appoint counsel to advise Petitioner about the terms of a guilty plea offer violated Petitioner's Sixth Amendment Right to Counsel; (4) Petitioner's Fourteenth Amendment Right to Due Process was violated because there was insufficient evidence to support his convictions for the three counts of reckless endangering in the first degree; (5) the trial court's failure to instruct the jury <u>sua sponte</u> regarding the lesser included offense of second degree reckless endangering violated Petitioner's Due Process Right to a fair trial; and (6) the trial judge's failure to instruct the jury <u>sua sponte</u> as to the justification defense of self-defense based on Petitioner's subjective belief that he was in danger deprived Petitioner of his Due Process Right to a Fair Trial. <u>See generally</u> <u>Thomas v. Carroll</u>, Civ. A. No. 03-202-JJF. In a Memorandum Opinion dated January 30, 2004, the Court determined that Petition I contained both unexhausted and exhausted claims and that AEDPA's one-year filing period had expired. Accordingly, pursuant to <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982), the Court informed Petitioner that it would dismiss without prejudice Petition I unless Petitioner filed a written statement voluntarily dismissing the unexhausted claim within twenty days. <u>Thomas v. Carroll</u>, 2004 WL 758344 (D. Del. Jan. 30, 2004).

On March 4, 2004, the United States Court of Appeals for the Third Circuit held that when an outright dismissal of a mixed petition could jeopardize the timeliness of a collateral attack, staying the petition is the only course of action. <u>Crews v. Horn</u>, 360 F.3d 146, 154 (3d Cir. 2004). In accordance with <u>Crews</u>, the Court amended its January 20, 2004 Memorandum Opinion and Order, and stayed Petition I pending Petitioner's exhaustion of state remedies. The Court informed Petitioner that he was no longer required to voluntarily withdraw the unexhausted claim to avoid dismissal of Petition I, and afforded Petitioner 30 days to exhaust state remedies for the unexhausted ineffective assistance of counsel claim by filing an application for state post-conviction relief. See (D.I. 22 in <u>Thomas v. Carroll</u>, Civ. A. No. 03-202-JJF). Petitioner's counsel informed the Court that he disagreed with the Court's determination regarding exhaustion and stated that he would not pursue any post-conviction relief in state court on Petitioner's behalf. <u>Id.</u> at D.I. 24. Consequently, the Court vacated the Stay, dismissed Petition I without prejudice for failure to exhaust state remedies, and declined to issue a certificate of appealability. <u>Id.</u> at D.I. 24 and D.I. 25. On November 5, 2004, the Third Circuit also denied Petitioner's motion for a certificate of appealability, agreeing that Petitioner's "ineffectiveness claim was not fairly presented to the Delaware Supreme Court," and holding that the Court was

3

required to dismiss Petition I without prejudice given Petitioner's indication that he did not wish to pursue relief in the state court. Id. at D.I. 31.

In November 2004, Petitioner applied pro se to the Delaware Superior Court for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61, asserting two grounds: (1) the Superior Court failed to conduct a hearing to determine Petitioner's competency to stand trial; and (2) the prosecution failed to disclose an exculpatory surveillance tape in discovery.[2] The Superior Court denied the Rule 61 motion as procedurally barred under Rule 61(i)(3). State v. Thomas, 2005 WL 388270, at *1 (Del. Super. Ct. Feb. 17, 2005). On appeal, the Delaware Supreme Court affirmed the Superior Court's decision. Thomas v. State, 2005 WL 1073893, at *2 ( Del. May 4, 2005).

Petitioner filed Petition II in May 2006, asserting three grounds for relief: (1) the Superior Court violated Petitioner's Due Process rights by failing to determine Petitioner's competency to stand trial; (2) Petitioner was deprived of his Sixth Amendment Right to Counsel because the Superior Court did not appoint counsel during trial to advise Petitioner of his rights with respect to a plea offer offered by the prosecution; and (3) the prosecutor withheld evidence in violation of Brady v.

---

[2]Petitioner's Rule 61 motion did not assert the unexhausted ineffective assistance of counsel claim asserted in Petition I.

Maryland, 373 U.S. 83 (1963). (D.I. I.) Respondents filed an Answer requesting the Court dismiss Petition II as untimely, second or successive, and/or procedurally barred. (D.I. 13.) Petitioner filed a Memorandum in Support, arguing that the claims presented in Petition II are not procedurally barred from federal habeas review. (D.I. 16.)

## II. DISCUSSION

As explained below, the Court concludes that Petition II is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).[3]

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] The Court disagrees with Respondents' argument that Petition II constitutes a second or successive habeas application. See Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997)(when prior petition has been dismissed without prejudice for failure to exhaust state remedies, subsequent petition is not second or successive).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petition II is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on February 15, 2002, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on May 16, 2002. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Petitioner did not file Petition II until May 9, 2006,[4]

---

[4] A prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d

6

approximately three years after AEDPA's statute of limitations expired in 2003. Thus, Petition II is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

**B. Statutory Tolling**

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In this case, the Court concludes that the statutory tolling principles are inapplicable. Petition I does not statutorily toll the limitations period because federal habeas applications have no tolling effect on AEDPA's limitations period. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Petitioner's Rule 61 motion also does not toll the limitations period because it was filed in the Superior Court in November 2004, more than a year after the expiration of AEDPA's

---

Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, June 21, 2005, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Therefore, unless the doctrine of equitable tolling applies, Petition II is time-barred.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225,

231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court does not discern, any extraordinary circumstance justifying equitable tolling. Although AEDPA's limitations period expired while Petition I was still pending before the Court, the Court's dismissal of Petition I does not trigger equitable tolling because the Court did not mislead Petitioner about the steps Petitioner needed to take to preserve the unexhausted claim contained in Petition I. See Drake v. Carroll, 2005 WL 1353344, at *4 (D. Del. June 7. 2005); see c.f. Brinson, 398 F.3d at 231(finding that equitable tolling was appropriate where the district court erred in concluding that petitioner failed to exhaust state remedies for a particular habeas claim and also failed to give petitioner the option of going forward with his exhausted habeas claims). To the extent Petitioner and his post-conviction counsel believed that the limitations period was tolled during the pendency of Petition I, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation

omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Similarly, to the extent Petitioner and his post-conviction counsel failed to understand the doctrine of exhaustion, that mistake also do not warrant equitable tolling. See LaCava, 398 F.3d at 276; Simpson, 2002 WL 1000094, at *3; See also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(there is no federal right to effective assistance of post-conviction counsel). Accordingly, the Court will dismiss Petition II as time-barred.

### III.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner

demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.