BLD-77                                                                                          December 6, 2007

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **07-3427**

ANDRE R. THOMAS

    VS.

THOMAS L. CARROLL, ET AL.

    (D. Del. Civ. No. 06-cv-00314)

Present:    MCKEE, RENDELL and SMITH, Circuit Judges

    Submitted are:

    (1)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1); and

    (2)    Document titled "Motion to Amend/Supplement," which the Court may wish to construe as a memorandum in support of request for certificate of appealability

in the above-captioned case.

    Respectfully,

    Clerk

MMW/MPD/tmk/je

_____O R D E R_____

The foregoing request for a certificate of appealability is denied, as jurists of reason could not debate that the District Court properly dismissed Appellant's 28 U.S.C. § 2254 petition as untimely under the applicable one-year statute of limitations, 28 U.S.C. § 2244(d). See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000). The current petition was not filed within one year of his final conviction. The District Court correctly found that Appellant's previous federal habeas petition, dismissed without prejudice, could not statutorily toll the statute of limitations. See, e.g., Duncan v. Walker, 533 U.S. 167, 181-182 (2001). Likewise, his state-court motion under Delaware Superior Court Criminal Rule 61 also could not toll the limitations period because his motion was not filed until

November 2004, *after* the period had already expired. See 28 U.S.C. § 2244(d)(2). In addition, the District Court properly rejected equitable tolling in this matter. The alleged mistakes or errors of Appellant's counsel do not provide a basis for such tolling here. See, e.g., LaCava v. Kyler, 398 F.3d 271, 276-77 (3d Cir. 2005). Assuming arguendo that "actual innocence" constitutes grounds for tolling, Appellant has failed to establish that no reasonable juror would have found him guilty beyond a reasonable doubt. See, e.g., Schlup v. Delo, 513 U.S. 298, 327 (1995). Furthermore, equitable tolling is unavailable because Appellant has failed to exercise reasonable diligence in investigating and bringing his claims. See, e.g., Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).

By the Court,

/s/ Theodore A. McKee
Circuit Judge

Dated: February 15, 2008
tmk/cc: Andre R. Thomas
       Elizabeth R. McFarlan, Esq.

A True Copy:

Marcia M. Waldron, Clerk